

**CIVIL COVER SHEET**

JS 44 (Rev. 12/07) (cand rev 1-16-08)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

### I. (a) PLAINTIFFS
SHANE D. MOSLEY, SR.

### DEFENDANTS
VICTOR CONTE

**(b)** County of Residence of First Listed Plaintiff: Clark County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Kim O. Dincel, Long & Levit LLP
465 California Street 5th Floor
San Francisco, CA 94104
Tel: (415) 397-2222

Judd Burstein, Judd Burstein, P.C.
1790 Broadway, Suite 1501
New York, NY 10019
Tel: (212) 974-2400

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [X] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [X] 310 Airplane | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [X] 320 Assault, Libel & Slander | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | **PERSONAL INJURY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 362 Personal Injury— Med. Malpractice | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 365 Personal Injury — Product Liability | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 368 Asbestos Personal Injury Product Liability | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 340 Marine | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | [ ] 345 Marine Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | [ ] 350 Motor Vehicle | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | [ ] 355 Motor Vehicle Product Liability | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 360 Other Personal Injury | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | **PERSONAL PROPERTY** | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 370 Other Fraud | | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 371 Truth in Lending | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 380 Other Personal Property Damage | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 385 Property Damage Product Liability | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| | **CIVIL RIGHTS** | [ ] 462 Naturalization Application | | |
| | [ ] 441 Voting | [ ] 463 Habeas Corpus – Alien Detainee | | |
| | [ ] 442 Employment | [ ] 465 Other Immigration Actions | | |
| | [ ] 443 Housing/Accommodations | **PRISONER PETITIONS** | | |
| | [ ] 444 Welfare | [ ] 510 Motions to Vacate Sentence | | |
| | [ ] 445 Amer. w/Disabilities - Employment | Habeas Corpus: | | |
| | [ ] 446 Amer. w/Disabilities - Other | [ ] 530 General | | |
| | [ ] 440 Other Civil Rights | [ ] 535 Death Penalty | | |
| | | [ ] 540 Mandamus & Other | | |
| | | [ ] 550 Civil Rights | | |
| | | [ ] 555 Prison Condition | | |

### V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332
Brief description of cause:
Action for Slander, Libel, Permanent Injunction

### VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ excess of 75,000.00
- CHECK YES only if demanded in complaint: JURY DEMAND: [X] Yes [ ] No

### VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

### IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
[X] SAN FRANCISCO/OAKLAND     [ ] SAN JOSE

DATE 04-02-08     SIGNATURE OF ATTORNEY OF RECORD

Kim O. Dincel, Esq. (SBN 131563)
Long & Levit LLP
465 California Street 5th Floor
San Francisco, California 94104
Tel (415) 397-2222 Fax (415) 397-6392
E-mail kdincel@longlevit.com

JUDD BURSTEIN, P.C.
Judd Burstein (pending admission *pro hac vice*)
Jeremy Attie (pending admission *pro hac vice*)
1790 Broadway, Suite 1501
New York, New York 10019
Tel (212) 974-2400 Fax (212) 974-2944
E-mail jburstein@burlaw.com

*Attorneys for Plaintiff,*
SHANE D. MOSLEY, SR.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHANE D. MOSLEY, SR., | Case No: |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| vs. | 1) DEFAMATION, SLANDER |
| VICTOR CONTE, | 2) DEFAMATION, SLANDER |
| Defendant. | 3) DEFAMATION, LIBEL |
| | 4) PERMANENT INJUNCTION |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff SHANE D. MOSLEY SR. ("Plaintiff" or "Mosley"), by his attorneys, Judd Burstein, P.C. ("JBPC") and Long & Levit LLP, as and for his complaint against Defendant VICTOR CONTE ("Defendant" or "Conte"), alleges as follows:

Complaint for Damages and Injunctive Relief

- 1 -

## I.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, in that it is a civil action between citizens of different States, and involves an amount in controversy in excess of $75,000.

2. Venue is proper in this District pursuant 28 U.S.C. § 1391(a)(1).

## II.

## INTRADISTRICT ASSIGNMENT

3. Pursuant to Civil L.R. 3-2(c) and (d), this action arose due to actions and omissions of Defendant that took place, in substantial part, in San Francisco and/or San Mateo Counties. Therefore, this case should be assigned to either the San Francisco Division or the Oakland Division.

## III.

## THE PARTIES

4. Plaintiff Mosley, a legendary professional boxer, is a citizen of the State of Nevada.

5. Defendant, a convicted felon and purveyor of illegal performance enhancing drugs and procedures, is a citizen of the State of California.

## IV.

## GENERAL ALLEGATIONS

6. In or about July of 2003, Mosley's conditioning coach, Darryl Hudson ("Hudson"), brought Mosley to meet with Conte at Conte's business, Bay Area Laboratory Co-

operative ("Balco"). Mosley was informed by Hudson that Conte's company sold entirely legal supplements, including some that were sold on the Internet, which would aid his training.

7. At the meeting with Conte, samples of Mosley's blood were taken and analyzed. Conte then recommended to Mosley a regimen of products that Mosley was told would help him with his endurance. At no time during this meeting did Mosley use any of the products recommended to him. Always extremely concerned about his health and with playing by the rules, Mosley specifically asked Conte whether the items recommended by Conte were healthy, legal and permitted for athletes. Mosley was specifically told by Conte that there was nothing wrong with following Conte's recommendations, and that all of the products recommended by Conte were entirely legal and appropriate.

8. In July 2005, Conte pleaded guilty to a conspiracy to distribute steroids.

9. In October 2005, Conte was sentenced to four months imprisonment and four months house arrest.

10. On or about March 30, 2008, Conte began publicizing the fact that he was going to publish a book about his life as a peddler of steroids. As part of this publicity campaign to maximize sales of his future book, Conte made knowingly false claims about Mosley's use of Balco products.

V.

### FIRST CLAIM FOR RELIEF

### SLANDER

11. Plaintiff repeats and realleges the allegations set forth above in all of the prior Paragraphs as if fully and completely set forth herein.

12. On or about March 29, 2008, Conte gave an interview to New York Daily News Reporters Nathanial Vinton and/or Teri Thompson, in which Defendant falsely stated that he "watched [Mosley] inject [himself] in front of me," that Mosley "knew precisely what [he was] using," and that, notwithstanding Mosley's prior public claim that Conte had misled Mosley about the legality of the products provided by Conte, "[i]t was all explained up front and there was no deception."

13. On March 30, 2008, an article containing Conte's false statements was published in the New York Daily News (the "March 30 Article"). A true and complete copy of the March 30 Article is annexed hereto as Exhibit A and incorporated by reference herein.

14. The statements made by Conte set forth above in Paragraphs 12 and 13 were false.

15. The statements set forth above in Paragraphs 12 and 13 were made by Conte with knowledge of their falsity.

16. Conte's statements set forth above in Paragraphs 12 and 13 were unprivileged.

17. Conte intended the statements set forth above in Paragraphs 12 and 13 to appear in the March 30 Article, and with the purpose of increasing sales of Defendant's intended book by besmirching Mosley's good name and trading on Plaintiff's fame and reputation.

18. Conte's statements set forth above in Paragraphs 12 and 13 accuse Plaintiff of criminal conduct.

19. Conte's statements set forth above in Paragraphs 12 and 13 tend to injure Mosley in his profession as a prize fighter, both in that they impute to Mosley a general disqualification in the respect which a professional boxer peculiarly requires, and impute traits concerning professional prize fighting that lessen Mosley's ability to earn money in that profession.

20. The natural consequence of Conte's statements set forth above in Paragraphs 12 and 13 is to cause actual damage to Mosley.

21. Based upon the foregoing slander, Defendant is liable to Plaintiff in an amount to be determined at trial.

22. Conte's knowingly false statements about Mosley set forth above in Paragraphs 12 and 13 were intended as advance publicity designed to increase sales for Conte's planned book. Conte's slander was intended to cause injury to Mosley and was carried out by Defendant with a willful and conscious disregard for Mosley's rights. In publishing knowingly false statements about Mosley in order to increase sales of his intended book, Conte engaged in despicable conduct subjecting Mosley to cruel and unjust hardship, which was done in conscious disregard of Mosley's rights. Accordingly, Plaintiff is also entitled to punitive damages in an amount to be determined at trial.

## VI.

## **SECOND CLAIM FOR RELIEF**

## **SLANDER**

23. Plaintiff repeats and realleges the allegations set forth above in all of the prior Paragraphs as if fully and completely set forth herein.

24. On or about March 29, 2008, Conte gave a telephone interview (from, on information and belief, San Francisco) to USA Today reporter A. J. Perez ("Perez"). On information and belief, Defendant made false statements to Perez which were substantially identical to the false statements detailed above in Paragraphs 12 and 13.

25. The statements described above in Paragraph 24 were made by Conte with knowledge of their falsity.

Complaint for Damages and Injunctive Relief

- 5 -

26. Conte's statements described above in Paragraph 24 were unprivileged.

27. Conte intended the statements described above in Paragraph 24 to appear in USA Today with the purpose of increasing sales of Defendant's intended book by besmirching Mosley's good name and trading on Plaintiff's fame and reputation.

28. Conte's statements described above in Paragraph 24 accuse Plaintiff of criminal conduct.

29. Conte's statements described above in Paragraph 24 tend to injure Mosley in his profession as a prize fighter, both in that they impute to Mosley a general disqualification in the respect which a professional boxer peculiarly requires, and impute traits concerning professional prize fighting that lessen Mosley's ability to earn money in that profession.

30. The natural consequence of Conte's statements described above in Paragraph 24 is to cause actual damage to Mosley.

31. Based upon the foregoing slander, Defendant is liable to Plaintiff in an amount to be determined at trial.

32. Conte's knowingly false statements about Mosley as described above in Paragraph 24 were intended as advance publicity designed to increase sales for Conte's planned book. Conte's slander was intended to cause injury to Mosley and was carried out by Defendant with a willful and conscious disregard for Mosley's rights. In publishing knowingly false statements about Mosley in order to increase sales of his intended book, Conte engaged in despicable conduct subjecting Mosley to cruel and unjust hardship, which was done in conscious disregard of Mosley's rights. Accordingly, Plaintiff is also entitled to punitive damages in an amount to be determined at trial.

## VII.

## **THIRD CLAIM FOR RELIEF**

## **LIBEL**

33. Plaintiff repeats and realleges the allegations set forth above in all of the prior Paragraphs as if fully and completely set forth herein.

34. On information and belief, in September of 2007, Conte sent an e-mail to a reporter affiliated with SI.com in which Defendant falsely stated, in words and substance, that he had explained to Mosley that he (Conte) was providing him with illegal steroids and performance enhancing substances.

35. The statement set forth above in Paragraph 34 was made by Conte with knowledge of its falsity.

36. Conte's statement set forth above in Paragraph 34 was unprivileged.

37. On information and belief, Conte intended the statement set forth above in Paragraph 34 to appear on the SI.com website for the purpose of increasing sales of Defendant's intended book by besmirching Mosley's good name and trading on Plaintiff's fame and reputation.

38. Conte's statement set forth above in Paragraph 34 exposed Mosley to hatred, contempt, ridicule, or obloquy, and had a tendency to injure him in his occupation.

39. Conte's statement set forth above in Paragraph 34 is defamatory without the necessity of explanatory matter, such as an inducement, innuendo or other extrinsic fact.

40. The natural consequence of Conte's statement set forth above in Paragraph 34 is to cause actual damage to Mosley.

41. Based upon the foregoing libel, Defendant is liable to Plaintiff in an amount to be determined at trial.

42. On information and belief, Conte's knowingly false statements about Mosley set forth above in Paragraph 34 were intended as advance publicity designed to increase sales for Conte's planned book. Conte's libel was intended to cause injury to Mosley and was carried out by Defendant with a willful and conscious disregard for Mosley's rights. In publishing knowingly false statements about Mosley in order to increase sales of his intended book, Conte engaged in despicable conduct subjecting Mosley to cruel and unjust hardship, which was done in conscious disregard of Mosley's rights. Accordingly, Plaintiff is also entitled to punitive damages in an amount to be determined at trial.

## VIII.

## FOURTH CLAIM FOR RELIEF

## PERMANENT INJUNCTION

43. Plaintiff repeats and realleges the allegations set forth above in all of the prior Paragraphs as if fully and completely set forth herein.

44. As explained in Exhibit A hereto, Plaintiff intends upon publishing a book in September of 2008, in which he intends to repeat the defamatory statements complained of in Paragraphs 12, 13, 24 and 34.

45. Were Conte to publish those false statements both in the book and undoubtedly during the publicity tour that would accompany the book, Mosley would be irreparably harmed.

46. A balancing of the equities favors Mosley.

Mosley is entitled to a permanent injunction barring Conte from defaming Mosley by making, orally or in written form, any of the statements complained of in Paragraphs 12, 13, 24 and 34 above.

## IX.

## DEMAND FOR JURY TRIAL

48. Plaintiff hereby demands a jury trial for all claims other that his claim for a permanent injunction.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A. On his First, Second, and Third Claims for Relief:

    1. Compensatory damages according to proof at trial, but in excess of $75,000.

    2. Punitive damages in an amount to be determined at trial.

B. On his Fourth Claim for Relief:

    1. A permanent injunction barring Conte from defaming Mosley by making, orally or in written form, any of the statements complained of in Paragraphs 12, 13, 24 and 34 above.

Complaint for Damages and Injunctive Relief

- 9 -

C.  Costs of suit and for such other and further relief as the court deems just and proper.

Dated: San Francisco, California.

April 2, 2008

LONG & LEVIT LLP

By /s/ Kim O. Dincel
Kim O. Dincel, Esq. (SBN 131563)
465 California Street 5th Floor
San Francisco, California 94104
Tel (415) 397-2222
Fax (415) 397-6392
E-mail kdincel@longlevit.com

JUDD BURSTEIN, P.C.
1790 Broadway, Suite 1501
New York, New York 10019
Tel (212) 974-2400
Fax (212) 974-2944
E-mail jburstein@burlaw.com

DOCS\S0117-001\547292.V1

Complaint for Damages and Injunctive Relief

- 10 -

**EXHIBIT A**

# In face of athletes' denials, Victor Conte points to calendars

BY TERI THOMPSON IN NEW YORK AND NATHANIEL VINTON IN SAN FRANCISCO
DAILY NEWS SPORTS WRITERS

Sunday, March 30th 2008, 8:57 PM

SAN FRANCISCO - Three of the athletes who worked with Victor Conte at BALCO - boxer Shane Mosley and sprinters Kelli White and Tim Montgomery - have denied at one time or another that they knew they were taking banned or illegal substances provided by Conte.

But Conte, who says he will discuss all three in his new book, "BALCO: The Straight dope on Steroids, Barry Bonds, Marion Jones and What We Can Do To Save Sports," says they "all knew precisely what they were using.

"I taught them how to use substances, incuding "the clear," and inject themselves with EPO. I watched them inject themselves in front of me."

"The clear" was an undetectable steroid applied by placing drops of the yellowish liquid under the tongue with a needleless syringe; EPO is a banned performance-enhancer that is injected by needle.

Mosley, who is scheduled to fight welterweight Zab Judah on May 31 at Mandalay Bay in Las Vegas, told the Daily News in September that he inadvertently took two designer steroids - "the cream" and "the clear" - before his championship fight against Oscar De La Hoya in 2003 after he says he was misled by Conte, who disputed the claims then in an e-mail response. SI.com first reported that investigator Jeff Novitzky had said at an anti-doping conference in Colorado Springs that Mosley had used the substances.

"Those are simply lies," Conte told The News again Sunday of Mosley's statements. "It was all explained up front and there was no deception."

Conte says he has detailed doping calendars of all three athletes, including Mosley's. "I have every day and every dose," he says.

White has claimed that Conte told her he was giving her flaxseed oil and Mongomery told the BALCO grand jury that Conte assured him "the clear" was not an illegal steroid.

"Not true," Conte says.