Kim O. Dincel, Esq. (SBN 131563)
Long & Levit LLP
465 California Street 5th Floor
San Francisco, California 94104
Tel (415) 397-2222 Fax (415) 397-6392
E-mail kdincel@longlevit.com

JUDD BURSTEIN, P.C.
Judd Burstein (JB-9585; admitted *pro hac vice*)
Jeremy M. Attie, Esq. (JA-0561; admitted *pro hac vice*)
1790 Broadway, Suite 1501
New York, New York 10019
Tel (212) 974-2400 Fax (212) 974-2944
E-mail jburstein@burlaw.com
E-mail jattie@burlaw.com

*Attorneys for Plaintiff,*
SHANE D. MOSLEY, SR.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| SHANE D. MOSLEY, SR., | ) | 08-Civ-1777 (JSW) |
| *Plaintiff,* | ) | |
| vs. | ) | **DECLARATION OF JUDD BURSTEIN, ESQ. IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO SHORTEN DEADLINES IN THE SCHEDULING ORDER AND FOR EXPEDITED DISCOVERY** |
| VICTOR CONTE, | ) | |
| *Defendant.* | ) | |

Date:       April 29, 2008
Time:       10:00 a.m.
Courtroom:

Hon. Jeffrey S. White

**JUDD BURSTEIN** hereby declares under penalty of perjury:

## I.    **INTRODUCTION**

1.      I am an attorney duly admitted to practice law before the Courts of the State of

New York.  Pursuant to the Court's Order, filed on April 7, 2008, I have been admitted to

practice law in this Court on a *pro hac vice* basis for the purpose of representing Plaintiff Shane D. Mosley, Sr. ("Mosley" or "Plaintiff") in the present action. (*See* Exhibit A hereto, a true and complete copy of the Court's Order, entered on April 7, 2008, granting my *pro hac vice* admission to this Court in connection with this litigation).

2.     I submit this Declaration in support of Mosley's motion: (i) pursuant to Northern District of California's Local Rule 7-11 ("Local Rule 7-11") to shorten the deadlines set forth in the Order Setting Initial Case Management Conference; (ii) with a concomitant leave to conduct expedited discovery; together with (iii) such other and further relief as this Court deems just and proper.

3.     I have been Mosley's attorney for over five years, and as such, I have personal knowledge of the factual assertions made herein and/or support those assertions with the exhibits attached hereto. The purposes of this Declaration are (i) to ensure compliance with Local Rule 7-11 and this Court's Standing Order, (ii) to provide relevant procedural history, and (iii) to place additional relevant exhibits before the Court.

## II.    SUBMISSION OF THIS MOTION AND A REQUEST FOR ORAL ARGUMENT

4.     Under Local Rule 7-11(b), Defendant Victor Conte's ("Conte" or "Defendant") opposition to this motion "must be filed no later than the third day after the motion has been filed," or in view of the April 29th filing of this motion, by Friday, May 2, 2008. In turn, pursuant to Local Rule 7-11(c), "[u]nless otherwise ordered, a Motion for Administrative Relief is deemed submitted for immediate determination without hearing on the day after the opposition is due." Hence, due to the intervening weekend, pursuant to Local Rule 7-11's express terms, this motion is to be deemed fully submitted on Monday, May 5, 2008.

5.    Due to the importance of the issues raised herein, however, Plaintiff respectfully requests oral argument on this motion during the week of May 5, 2008, if the Court's schedule allows it.[1]  Given the urgency of the relief sought herein, if the Court should grant oral argument, I will fly from New York to California in order to appear on 24 hours notice.  As discussed *infra*, the matter is urgent, because if the Court does not grant an expedited trial[2] in this case, Mosley will of necessity be denied a significant portion of the ultimate injunctive relief sued for herein, thus subjecting him to what amounts to a nationwide defamatory campaign.

## III.    BRIEF FACTUAL BACKGROUND

6.    By way of a brief factual background, Mosley, a professional boxer, asserts that he has been defamed on multiple occasions by Conte, the principal of the Bay Area Laboratory Co-operative ("Balco").  *See* Exhibit B, a true and complete copy of the Complaint.  Essentially, Conte has falsely stated that Mosley knowingly used banned or illegal performance enhancing substances.  Such defamatory statements have already been published by Conte in, *inter alia*, the *New York Daily News* ("*Daily News*").  (*See* Ex. C hereto, a true and complete copy of a *Daily News* Article, dated March 30, 2008, which reports Conte as stating that he watched, *inter alia*, Mosley "inject [himself]," and that Mosley knew "precisely what [he was] using.").  These statements are devastating to Mosley's legacy as a World Champion boxer.  The defamatory

---

[1]    Pursuant to the Court's Standing Order, we have referenced the Court's website which identifies July 11, 2008 as the earliest date for a hearing in this case.  A July 11 hearing would render much of the relief sought herein moot.  Accordingly, if the Court is unable to hear argument during the week of May 5th, Plaintiff respectfully withdraws any request for oral argument, and instead asks that this application be deemed submitted on Monday, April 5, 2008, consistent with the timing requirements contained in Local Rule 7-11.

[2]    Notably, Plaintiff anticipates that trial of this matter would only require one week of full trial days, or approximately two weeks, in view of this Court's policy of sitting for trial on Mondays through Thursdays from 8:30 a.m. to 1:30 p.m.  In all events, we do not anticipate that trial of this matter will impose an extended burden upon the Court's calendar.

publications further pose serious practical problems for Plaintiff's career, concerning, *inter alia*, licensing.

7.    However, Conte has told reporters that he is currently writing a book scheduled to be published in September 2008 (the "September 2008 Publication"), in which Conte intends to republish his defamatory statements about Mosley to a national audience.  *See* Ex. C hereto. Hence, while Conte's defamatory publications in the *Daily News* have already caused significant damage to Mosley's reputation, the *Daily News* is a regional paper.  The national publication of the defamatory statements in a book authored by Conte, and the publication of which will undoubtedly be accompanied by a national television press tour, will do far greater and irreversible damage to Mosley's reputation.  It is this injury that Plaintiff seeks to prevent by way of this motion.

8.    In light of First Amendment concerns, however, preliminary relief enjoining the anticipated defamatory statements in the September 2008 Publication is unavailable to Mosley. Hence, Mosley requires a full determination on the merits prior to the September 2008 Publication if he is to have any opportunity of permanently enjoining further defamatory publications with respect to him, in particular in the national September 2008 Publication.

## IV.    RELIEF IS WARRANTED UNDER LOCAL RULE 7-11

9.    Local Rule 7-11 "recognizes that during the course of case proceedings a party may require a Court order with respect to miscellaneous administrative matters, not otherwise governed by a federal statute, Federal or local rule or standing order of the assigned judge." Local Rule 7-11 requires that any motion brought under it "set forth specifically the action requested and the reasons supporting the motion...."  A motion under Local Rule 7-11 must

further contain "either a stipulation under Civil L.R. 7-12 or by a declaration that explains why a stipulation could not obtained."

10.     I will address each of the above-referenced requirements.

11.     **First**, in terms of the action requested, on or about April 2, 2008, the Honorable Bernard Zimmerman was assigned to the case and issued an Order Setting Initial Case Management Conference and ADR Deadlines ("Scheduling Order").  *See* Exhibit D hereto, a true and accurate copy of the Scheduling Order.  The Scheduling Order set down the following deadlines in this case: (i) June 23, 2008, as the last day to meet and confer for, *inter alia*, initial disclosures, ADR process selection[3] and set a discovery plan; (ii) July 7, 2008, as the last day to file a Rule 26(f) Report, complete initial disclosures or state objections in the Rule 26(f) Report and file a Case Management Statement; and (iii) July 14, 2008, as the date for the Initial Case Management Conference.

12.     In anticipation of an expedited trial, Mosley hereby seeks to shorten the above deadlines as follows: (i) **May 12, 2008,** as the last day to meet and confer for, *inter alia*, initial disclosures, ADR process selection and set a discovery plan; (ii) **May 19, 2008** as the last day to file the Rule 26(f) Report, complete initial disclosures or state objections in the Rule 26(f) Report and file a Case Management Statement; and (iii) **May 30, 2008**, or as soon thereafter as is convenient to the Court, as the date for the Initial Case Management Conference.  In further anticipation of an expedited trial, as related relief, Mosley also moves for leave to commence discovery immediately, prior to the Rule 26(f) conference.

---

[3]     Plaintiff does not believe that he will benefit from any of the dispute resolution options. Rather, Mosley requests a trial by jury.

13.   **Second,** the reasons for the relief requested are accurately set forth in the accompanying Motion for Administrative Relief ("Administrative Motion").

14.   **Third,** on April 18, 2008, I wrote Conte's counsel seeking his agreement to stipulate to the relief sought herein. In a writing dated April 22, 2008, Conte's counsel declined to give his consent. (Exhibit E is a true and complete copy of both the April 18th writing and the April 22nd response). In light of this refusal by Conte's counsel, no Local Rule 7-11 stipulation accompanies this motion.

## V.   GENERAL PROCEDURAL CONSIDERATIONS

15.   Conte was served with the summons and complaint on April 10, 2008. (*See* Exhibit F hereto, a true and complete copy of the proof of service).

16.   On April 23, 2008, counsel for the parties filed a stipulation extending Conte's time to answer, without prejudice to the relief sought herein. *See* Docket Entry No. 11.

17.   On April 23, 2008, Conte filed a declination to proceed before United States Magistrate Judge Zimmerman. *See* Docket Entry No. 12. In an Order filed on April 25, 2008, this case was reassigned to Hon. Jeffrey S. White. Docket Entry No. 15.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 29th day of April 2008, in New York County, New York.

_____
JUDD BURSTEIN

# EXHIBIT A

1    Judd Burstein
     JUDD BURSTEIN, PC
2    1790 Broadway, Suite 1501
     New York, NY 10019
3    TEL: (212) 974-2400

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         NORTHERN DISTRICT OF CALIFORNIA

10

11   Shane D. Mosley, Sr.,                    CASE No. CV081777    BZ

12                          Plaintiff,        [PROPOSED] ORDER GRANTING
                                              APPLICATION FOR ADMISSION OF
13             vs.                            ATTORNEY PRO HAC VICE

14   Victor Conte,                            Action Filed:      No Date Set

15                          Defendant.

16

17             Judd Burstein, an active member in good standing of the bars of: the United States

18   Supreme Court, the United States Tax Court, the United States Courts of Appeals for the 2nd, 3rd,

19   4th, 6th, 7th, 9th, and 10th Circuits, the United States District Court for the Eastern, Southern, and

20   Northern Districts of New York, the District of Connecticut, and the District of Columbia, whose

21   business address and telephone number is: Judd Burstein PC, 1790 Broadway, Suite 1501, New

22   York, New York, 10019, (212) 974-2400, having applied in the above-entitled action for

23   admission to practice in the Northern District of California on a *pro hac vice* basis, representing

24   Shane D. Mosley, Sr.

25             IT IS HEREBY ORDERED THAT the application is granted, subject to the terms

26   and conditions of Civil L.R. 11-3. All papers filed by the attorney must indicate appearance *pro*

27   *hac vice.* Service of papers upon and communication with co-counsel designated in the

28   application will constitute notice to the party. All future filings in this action are subject to the

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

[PROPOSED] ORDER GRANTING PRO HAC VICE
                                                    APPLICATION (No. CV081777)

1  requirements contained in General Order No. 45, *Electronic Case Filing*.

2  Dated: April 4, 2008

   United States Magistrate Judge

4

   DOCS\S0117-001\547313.V1

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

2

[PROPOSED] ORDER GRANTING PRO HAC VICE
APPLICATION (No. CV081777)

EXHIBIT B

1  Kim O. Dincel, Esq. (SBN 131563)
2  Long & Levit LLP
   465 California Street 5th Floor                **E-filing**
3  San Francisco, California 94104
   Tel (415) 397-2222 Fax (415) 397-6392
4  E-mail kdincel@longlevit.com

5  JUDD BURSTEIN, P.C.
6  Judd Burstein (pending admission *pro hac vice*)
   Jeremy Attie (pending admission *pro hac vice*)
7  1790 Broadway, Suite 1501
8  New York, New York 10019
   Tel (212) 974-2400 Fax (212) 974-2944
9  E-mail jburstein@burlaw.com

10 *Attorneys for Plaintiff,*
   SHANE D. MOSLEY, SR.
11

12

13          UNITED STATES DISTRICT COURT                    **BZ**

14     FOR THE NORTHERN DISTRICT OF CALIFORNIA

15          SAN FRANCISCO DIVISION

16  SHANE D. MOSLEY, SR.,          )    CV   08            1 7 7 7
                                   )    Case No.:
17       *Plaintiff,*              )
                                   )    **COMPLAINT FOR DAMAGES AND**
18  vs.                            )    **INJUNCTIVE RELIEF**
                                   )
19  VICTOR CONTE,                  )    1) DEFAMATION, SLANDER
                                   )    2) DEFAMATION, SLANDER
20       *Defendant.*             )    3) DEFAMATION, LIBEL
                                   )    4) PERMANENT INJUNCTION
21                                 )
                                   )
22                                 )    **DEMAND FOR JURY TRIAL**
                                   )
23

24      Plaintiff SHANE D. MOSLEY SR. ("Plaintiff" or "Mosley"), by his attorneys, Judd

25  Burstein, P.C. ("JBPC") and Long & Levit LLP, as and for his complaint against Defendant

26  VICTOR CONTE ("Defendant" or "Conte"), alleges as follows:

27

28

# I.

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, in that it is a civil action between citizens of different States, and involves an amount in controversy in excess of $75,000.

2.      Venue is proper in this District pursuant 28 U.S.C. § 1391(a)(1).

# II.

## INTRADISTRICT ASSIGNMENT

3.      Pursuant to Civil L.R. 3-2(c) and (d), this action arose due to actions and omissions of Defendant that took place, in substantial part, in San Francisco and/or San Mateo Counties. Therefore, this case should be assigned to either the San Francisco Division or the Oakland Division.

# III.

## THE PARTIES

4.      Plaintiff Mosley, a legendary professional boxer, is a citizen of the State of Nevada.

5.      Defendant, a convicted felon and purveyor of illegal performance enhancing drugs and procedures, is a citizen of the State of California.

# IV.

## GENERAL ALLEGATIONS

6.      In or about July of 2003, Mosley's conditioning coach, Darryl Hudson ("Hudson"), brought Mosley to meet with Conte at Conte's business, Bay Area Laboratory Co-

---

Complaint for Damages and Injunctive Relief

- 2 -

operative ("Balco"). Mosley was informed by Hudson that Conte's company sold entirely legal supplements, including some that were sold on the Internet, which would aid his training.

7.    At the meeting with Conte, samples of Mosley's blood were taken and analyzed. Conte then recommended to Mosley a regimen of products that Mosley was told would help him with his endurance.   At no time during this meeting did Mosley use any of the products recommended to him.  Always extremely concerned about his health and with playing by the rules, Mosley specifically asked Conte whether the items recommended by Conte were healthy, legal and permitted for athletes.  Mosley was specifically told by Conte that there was nothing wrong with following Conte's recommendations, and that all of the products recommended by Conte were entirely legal and appropriate.

8.    In July 2005, Conte pleaded guilty to a conspiracy to distribute steroids.

9.    In October 2005, Conte was sentenced to four months imprisonment and four months house arrest.

10.    On or about March 30, 2008, Conte began publicizing the fact that he was going to publish a book about his life as a peddler of steroids.  As part of this publicity campaign to maximize sales of his future book, Conte made knowingly false claims about Mosley's use of Balco products.

## V.

## FIRST CLAIM FOR RELIEF

## SLANDER

11.    Plaintiff repeats and realleges the allegations set forth above in all of the prior Paragraphs as if fully and completely set forth herein.

Case 3:08-cv-01777-JSW    Document 1    Filed 04/02/2008    Page 5 of 13

12.    On or about March 29, 2008, Conte gave an interview to New York Daily News Reporters Nathanial Vinton and/or Teri Thompson, in which Defendant falsely stated that he "watched [Mosley] inject [himself] in front of me," that Mosley "knew precisely what [he was] using," and that, notwithstanding Mosley's prior public claim that Conte had misled Mosley about the legality of the products provided by Conte, "[i]t was all explained up front and there was no deception."

13.    On March 30, 2008, an article containing Conte's false statements was published in the New York Daily News (the "March 30 Article"). A true and complete copy of the March 30 Article is annexed hereto as Exhibit A and incorporated by reference herein.

14.    The statements made by Conte set forth above in Paragraphs 12 and 13 were false.

15.    The statements set forth above in Paragraphs 12 and 13 were made by Conte with knowledge of their falsity.

16.    Conte's statements set forth above in Paragraphs 12 and 13 were unprivileged.

17.    Conte intended the statements set forth above in Paragraphs 12 and 13 to appear in the March 30 Article, and with the purpose of increasing sales of Defendant's intended book by besmirching Mosley's good name and trading on Plaintiff's fame and reputation.

18.    Conte's statements set forth above in Paragraphs 12 and 13 accuse Plaintiff of criminal conduct.

19.    Conte's statements set forth above in Paragraphs 12 and 13 tend to injure Mosley in his profession as a prize fighter, both in that they impute to Mosley a general disqualification in the respect which a professional boxer peculiarly requires, and impute traits concerning professional prize fighting that lessen Mosley's ability to earn money in that profession.

Case 3:08-cv-01777-JSW    Document 1    Filed 04/02/2008    Page 6 of 13

20.    The natural consequence of Conte's statements set forth above in Paragraphs 12 and 13 is to cause actual damage to Mosley.

21.    Based upon the foregoing slander, Defendant is liable to Plaintiff in an amount to be determined at trial.

22.    Conte's knowingly false statements about Mosley set forth above in Paragraphs 12 and 13 were intended as advance publicity designed to increase sales for Conte's planned book. Conte's slander was intended to cause injury to Mosley and was carried out by Defendant with a willful and conscious disregard for Mosley's rights.  In publishing knowingly false statements about Mosley in order to increase sales of his intended book, Conte engaged in despicable conduct subjecting Mosley to cruel and unjust hardship, which was done in conscious disregard of Mosley's rights.  Accordingly, Plaintiff is also entitled to punitive damages in an amount to be determined at trial.

## VI.

### SECOND CLAIM FOR RELIEF

### SLANDER

23.    Plaintiff repeats and realleges the allegations set forth above in all of the prior Paragraphs as if fully and completely set forth herein.

24.    On or about March 29, 2008, Conte gave a telephone interview (from, on information and belief, San Francisco) to USA Today reporter A. J. Perez ("Perez"). On information and belief, Defendant made false statements to Perez which were substantially identical to the false statements detailed above in Paragraphs 12 and 13.

25.    The statements described above in Paragraph 24 were made by Conte with knowledge of their falsity.

Case 3:08-cv-01777-JSW    Document 1    Filed 04/02/2008    Page 7 of 13

26.    Conte's statements described above in Paragraph 24 were unprivileged.

27.    Conte intended the statements described above in Paragraph 24 to appear in USA Today with the purpose of increasing sales of Defendant's intended book by besmirching Mosley's good name and trading on Plaintiff's fame and reputation.

28.    Conte's statements described above in Paragraph 24 accuse Plaintiff of criminal conduct.

29.    Conte's statements described above in Paragraph 24 tend to injure Mosley in his profession as a prize fighter, both in that they impute to Mosley a general disqualification in the respect which a professional boxer peculiarly requires, and impute traits concerning professional prize fighting that lessen Mosley's ability to earn money in that profession.

30.    The natural consequence of Conte's statements described above in Paragraph 24 is to cause actual damage to Mosley.

31.    Based upon the foregoing slander, Defendant is liable to Plaintiff in an amount to be determined at trial.

32.    Conte's knowingly false statements about Mosley as described above in Paragraph 24 were intended as advance publicity designed to increase sales for Conte's planned book. Conte's slander was intended to cause injury to Mosley and was carried out by Defendant with a willful and conscious disregard for Mosley's rights.  In publishing knowingly false statements about Mosley in order to increase sales of his intended book, Conte engaged in despicable conduct subjecting Mosley to cruel and unjust hardship, which was done in conscious disregard of Mosley's rights.  Accordingly, Plaintiff is also entitled to punitive damages in an amount to be determined at trial.

## VII.

## THIRD CLAIM FOR RELIEF

## LIBEL

33.    Plaintiff repeats and realleges the allegations set forth above in all of the prior Paragraphs as if fully and completely set forth herein.

34.    On information and belief, in September of 2007, Conte sent an e-mail to a reporter affiliated with SI.com in which Defendant falsely stated, in words and substance, that he had explained to Mosley that he (Conte) was providing him with illegal steroids and performance enhancing substances.

35.    The statement set forth above in Paragraph 34 was made by Conte with knowledge of its falsity.

36.    Conte's statement set forth above in Paragraph 34 was unprivileged.

37.    On information and belief, Conte intended the statement set forth above in Paragraph 34 to appear on the SI.com website for the purpose of increasing sales of Defendant's intended book by besmirching Mosley's good name and trading on Plaintiff's fame and reputation.

38.    Conte's statement set forth above in Paragraph 34 exposed Mosley to hatred, contempt, ridicule, or obloquy, and had a tendency to injure him in his occupation.

39.    Conte's statement set forth above in Paragraph 34 is defamatory without the necessity of explanatory matter, such as an inducement, innuendo or other extrinsic fact.

40.    The natural consequence of Conte's statement set forth above in Paragraph 34 is to cause actual damage to Mosley.

41.    Based upon the foregoing libel, Defendant is liable to Plaintiff in an amount to be determined at trial.

42.    On information and belief, Conte's knowingly false statements about Mosley set forth above in Paragraph 34 were intended as advance publicity designed to increase sales for Conte's planned book. Conte's libel was intended to cause injury to Mosley and was carried out by Defendant with a willful and conscious disregard for Mosley's rights.    In publishing knowingly false statements about Mosley in order to increase sales of his intended book, Conte engaged in despicable conduct subjecting Mosley to cruel and unjust hardship, which was done in conscious disregard of Mosley's rights.    Accordingly, Plaintiff is also entitled to punitive damages in an amount to be determined at trial.

### VIII.

### FOURTH CLAIM FOR RELIEF

### PERMANENT INJUNCTION

43.    Plaintiff repeats and realleges the allegations set forth above in all of the prior Paragraphs as if fully and completely set forth herein.

44.    As explained in Exhibit A hereto, Plaintiff intends upon publishing a book in September of 2008, in which he intends to repeat the defamatory statements complained of in Paragraphs 12, 13, 24 and 34.

45.    Were Conte to publish those false statements both in the book and undoubtedly during the publicity tour that would accompany the book, Mosley would be irreparably harmed.

46.    A balancing of the equities favors Mosley.

47.    Mosley is entitled to a permanent injunction barring Conte from defaming Mosley by making, orally or in written form, any of the statements complained of in Paragraphs 12, 13, 24 and 34 above.

**IX.**

**DEMAND FOR JURY TRIAL**

48.    Plaintiff hereby demands a jury trial for all claims other that his claim for a permanent injunction.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A.    On his First, Second, and Third Claims for Relief:

1.    Compensatory damages according to proof at trial, but in excess of $75,000.

2.    Punitive damages in an amount to be determined at trial.

B.    On his Fourth Claim for Relief:

1.    A permanent injunction barring Conte from defaming Mosley by making, orally or in written form, any of the statements complained of in Paragraphs 12, 13, 24 and 34 above.

1  C.    Costs of suit and for such other and further relief as the court deems just and proper.

2  Dated: San Francisco, California.

3

4         April 2, 2008

                                                LONG & LEVIT LLP

5

6                                               By _____
                                                Kim O. Dincel, Esq. (SBN 131563)
7                                               465 California Street 5th Floor
                                                San Francisco, California 94104
8                                               Tel (415) 397-2222
                                                Fax (415) 397-6392
9                                               E-mail kdincel@longlevit.com

10                                              JUDD BURSTEIN, P.C.
11                                              1790 Broadway, Suite 1501
                                                New York, New York 10019
12                                              Tel (212) 974-2400
                                                Fax (212) 974-2944
13                                              E-mail jburstein@burlaw.com

14

15

16

17
   DOCS\S0117-001\547292.V1
18

19

20

21

22

23

24

25

26

27

28

                              Complaint for Damages and Injunctive Relief

                                          - 10 -

**EXHIBIT A**

In face of athletes' denials, Victor Conte points to calendars

# In face of athletes' denials, Victor Conte points to calendars

BY TERI THOMPSON IN NEW YORK AND NATHANIEL VINTON IN SAN FRANCISCO
DAILY NEWS SPORTS WRITERS

Sunday, March 30th 2008, 8:57 PM

SAN FRANCISCO - Three of the athletes who worked with Victor Conte at BALCO - boxer Shane Mosley and sprinters Kelli White and Tim Montgomery - have denied at one time or another that they knew they were taking banned or illegal substances provided by Conte.

But Conte, who says he will discuss all three in his new book, "BALCO: The Straight dope on Steroids, Barry Bonds, Marion Jones and What We Can Do To Save Sports," says they "all knew precisely what they were using.

"I taught them how to use substances, incuding "the clear," and inject themselves with EPO. I watched them inject themselves in front of me."

"The clear" was an undetectable steroid applied by placing drops of the yellowish liquid under the tongue with a needleless syringe; EPO is a banned performance-enhancer that is injected by needle.

Mosley, who is scheduled to fight welterweight Zab Judah on May 31 at Mandalay Bay in Las Vegas, told the Daily News in September that he inadvertently took two designer steroids - "the cream" and "the clear" - before his championship fight against Oscar De La Hoya in 2003 after he says he was misled by Conte, who disputed the claims then in an e-mail response. SI.com first reported that investigator Jeff Novitzky had said at an anti-doping conference in Colorado Springs that Mosley had used the substances.

"Those are simply lies," Conte told The News again Sunday of Mosley's statements. "It was all explained up front and there was no deception."

Conte says he has detailed doping calendars of all three athletes, including Mosley's. "I have every day and every dose," he says.

White has claimed that Conte told her he was giving her flaxseed oil and Mongomery told the BALCO grand jury that Conte assured him "the clear" was not an illegal steroid.

"Not true," Conte says.

# EXHIBIT C



# In face of athletes' denials, Victor Conte points to calendars

BY TERI THOMPSON IN NEW YORK AND NATHANIEL VINTON IN SAN FRANCISCO
DAILY NEWS SPORTS WRITERS

Sunday, March 30th 2008, 8:57 PM

SAN FRANCISCO - Three of the athletes who worked with Victor Conte at BALCO - boxer Shane Mosley and sprinters Kelli White and Tim Montgomery - have denied at one time or another that they knew they were taking banned or illegal substances provided by Conte.

But Conte, who says he will discuss all three in his new book, "BALCO: The Straight dope on Steroids, Barry Bonds, Marion Jones and What We Can Do To Save Sports," says they "all knew precisely what they were using.

"I taught them how to use substances, incuding "the clear," and inject themselves with EPO. I watched them inject themselves in front of me."

"The clear" was an undetectable steroid applied by placing drops of the yellowish liquid under the tongue with a needleless syringe; EPO is a banned performance-enhancer that is injected by needle.

Mosley, who is scheduled to fight welterweight Zab Judah on May 31 at Mandalay Bay in Las Vegas, told the Daily News in September that he inadvertently took two designer steroids - "the cream" and "the clear" - before his championship fight against Oscar De La Hoya in 2003 after he says he was misled by Conte, who disputed the claims then in an e-mail response. SI.com first reported that investigator Jeff Novitzky had said at an anti-doping conference in Colorado Springs that Mosley had used the substances.

"Those are simply lies," Conte told The News again Sunday of Mosley's statements. "It was all explained up front and there was no deception."

Conte says he has detailed doping calendars of all three athletes, including Mosley's. "I have every day and every dose," he says.

White has claimed that Conte told her he was giving her flaxseed oil and Mongomery told the BALCO grand jury that Conte assured him "the clear" was not an illegal steroid.

"Not true," Conte says.

# EXHIBIT D

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SHANE D. MOSLEY SR,

           Plaintiff (s),

   v.

VICTOR CONTE,
          Defendant(s).

No. **C 08-01777 BZ**

**ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE AND
ADR DEADLINES**

     IT IS HEREBY ORDERED that this action is assigned to the Honorable Bernard Zimmerman. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order , the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

     IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

### CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|---|---|---|
| 4/2/2008 | Complaint filed | |
| 6/23/2008 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 7/7/2008 | *Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil L.R. 16-9 |
| 7/14/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Ctrm G, 15th Floor, SF at 4:00 PM | Civil L.R. 16-10 |

\* If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

# EXHIBIT E

**From:** Ivo Labar [mailto:labar@kerrwagstaffe.com]
**Sent:** Tuesday, April 22, 2008 9:04 PM
**To:** Judd Burstein
**Cc:** Dincel, Kim; Peter B. Schalk; James M. Wagstaffe
**Subject:** RE: Mosley v. Conte

Judd:

   We appreciate you raising these issues with us before you file your motion.  That being said, we cannot agree to your demands.  We do not believe there is any basis for expedited relief in this case.  Accordingly, we will oppose your motion for an expedited trial.  Moreover, we also disagree that the Balboa Island decision would support the issuance of a permanent injunction in this case, even if the alleged statements at issue were defamatory (which they are not).

   Also, we will be filing a request for reassignment to an Article III judge.  You may want to delay filing your papers until the case is reassigned.

   Best regards,

Ivo Labar
**Kerr & Wagstaffe LLP**
100 Spear Street, 18th Floor
San Francisco, CA 94105
415.371.8500
415.371.0500 (fax)
www.kerrwagstaffe.com


**From:** Judd Burstein [mailto:JBurstein@BURLAW.COM]
**Sent:** Friday, April 18, 2008 3:36 PM
**To:** Ivo Labar
**Cc:** Dincel, Kim; Peter B. Schalk
**Subject:** Mosley v. Conte

Dear Mr. Labar:

Kim Dincel informed me that you will be representing Mr. Conte in the litigation against Mr. Mosley, and that you want 30 days to respond to the Complaint.  I have no objection to this request so long as we add language to your stipulation stating that the extension of time is without prejudice to our claim, discussed below, that discovery should commence immediately.

Based upon your client's statements to the press, I understand that he intends to publish his book in September, and that the book will contain the statements about Mr. Mosley that we contend are defamatory. Obviously, given the prior restraint issue, I cannot hope to secure a preliminary injunction barring Mr. Conte from publishing the book. However, if I can obtain a final adjudication on the merits of Mr. Mosley's defamation claim, California law would permit the entry of a permanent injunction barring publication of the book to the extent it contains statements about Mr. Mosley found to be defamatory. *See Balboa Island Village Inn, Inc. v. Lemen*, 40 Cal.4th 1141 (2007). Accordingly, unless we can agree that, pending the resolution of this case, your client will not publish a book contending that Mr. Mosley knowingly took steroids or other illegal substances, we believe that an expedited trial is necessary so that Mr. Mosley's claims can be resolved prior to the book's publication.

Accordingly, I wanted to inform you that Plaintiff will be making an application to the Court seeking an expedited trial. Pursuant to Civil L.R. 7-11, Plaintiff will file a Motion for Administrative Relief next week, in which he will request the shortening of the deadlines set forth in the Order Setting Initial Case Management Conference and ADR Deadlines ("Order"), issued by Honorable Bernard Zimmerman on April 2, 2008. As you know, any motion brought under L.R. 7-11 must be accompanied by either: (a) a stipulation between the parties jointly requesting that the Court shorten the deadlines set in the Order, or (b) an explanation as to why a stipulation could not be obtained. Hence, please let me know by end of business on Tuesday whether your client will either (a) agree that, pending the resolution of this case, he will not publish a book contending that Mr. Mosley knowingly took steroids or other illegal substances, or (b) consent to an expedited trial schedule so that the case can be resolved no later than August 2008. It seems to me that an agreement to one of these two options also makes sense to your client, as well as his publisher and co-author, because if the book is published before the case is resolved, we will likely amend to add the publisher and the co-author. If Mr. Mosley then prevails, the compensatory damages will be immense, and the case for punitive damages will have been greatly enhanced.

**Judd Burstein**
Judd Burstein, P.C.

(212) 974-2400 Work
(917) 687-2981 Mobile
jburstein@burlaw.com
1790 Broadway
Suite 1501
New York, New York 10019
www.burlaw.com

THIS E-MAIL IS INTENDED ONLY FOR THE PERSON(S) NAMED ABOVE AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED AND CONFIDENTIAL. ANY OTHER REVIEW, DISTRIBUTION, COPYING OR DISCLOSURE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS E-MAIL IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY AND DELETE THIS E-MAIL WITHOUT MAKING A COPY. IRS CIRCULAR 230 DISCLOSURE: TO ENSURE COMPLIANCE WITH U.S. TREASURY REGULATIONS GOVERNING TAX PRACTICE, WE INFORM YOU THAT:
ANY U.S. TAX ADVICE CONTAINED IN THIS COMMUNICATION (INCLUDING ATTACHMENTS) WAS NOT WRITTEN TO BE USED FOR AND CANNOT BE USED FOR (I) PURPOSES OF AVOIDING ANY TAX RELATED PENALTIES THAT MAY BE IMPOSED UNDER FEDERAL TAX LAWS, OR (II) THE PROMOTION, MARKETING OR RECOMMENDING TO ANOTHER PARTY OF ANY TRANSACTION OR MATTER ADDRESSED HEREIN.

4/29/2008

# EXHIBIT F

LONG & LEVIT LLP
Kim O. Dincel, Esq. (SBN 131563)
465 California Street 5th Floor
San Francisco, California 94104
Telephone: (415) 397-2222 Facsimile: (415) 397-6392
E-mail kdincel@longlevit.com

JUDD BURSTEIN, P.C.
Judd Burstein (pending admission pro hac vice)
Jeremy Attie (pending admission pro hac vice)
1790 Broadway, Suite 1501
New York, New York 10019
Telephone: (212) 974-2400 Facsimile (212) 974-2944
E-mail jburstein@burlaw.com
Attorneys for Plaintiff: SHANE D. MOSLEY, SR.

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

Case #: CV 08 1777 BZ

Plaintiff: SHANE D. MOSLEY, SR.

Defendant: VICTOR CONTE

### PROOF OF SERVICE

At the time of service I was at least eighteen years of age and not a party to this action.  I served copies of the:
1. CIVIL COVER SHEET
2. SUMMONS IN A CIVIL CASE.
3. COMPAINT FOR DAMAGES AND INJUNCTIVE RELIEF.
4. CERTIFICATION OF INTERESTED ENTITIES OR PERSONS.
5. ORDER SETTING INTIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES.
6. NOTICE OF ASSIGNMENT OF CASE TO A UNITED STATES MAGISTRATE JUDGE FOR TRIAL.
7. ADR
in the within action by personally delivering true copies thereof to the person named below, as follows:

| | |
|---|---|
| Party Served: | Victor Conte<br>716 27th Avenue<br>San Mateo, CA 94403 |
| Date of Service: | April 10, 2008 |
| Time of Service: | 6:15 P.M. |

Person who served papers:
Ronald Harris
**Quake Courier & Attorney Service**
1186 Folsom Street, #6
San Francisco, CA 94103
415-725-7051 / 415-725-7053

Fee for Service: $50.00
Registered California process server.
Owner ( )  Independent Contractor (X)
(2) Registration no: 401
(3) County: San Mateo

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: April 11, 2008        Signature _____