1  Kim O. Dincel, Esq. (SBN 131563)
   Long & Levit LLP
2  465 California Street 5th Floor
   San Francisco, California 94104
3  Tel (415) 397-2222 Fax (415) 397-6392
   E-mail: kdincel@longlevit.com
4
   JUDD BURSTEIN, P.C.
5  Judd Burstein, Esq. (JB-9585; admitted *pro hac vice*)
   Jeremy M. Attie, Esq. (JA-0561; admitted *pro hac vice*)
6  1790 Broadway, Suite 1501
   New York, New York 10019
7  Tel (212) 974-2400 Fax (212) 974-2944
   E-mail: jburstein@burlaw.com
8  E-mail: jattie@burlaw.com

9  *Attorneys for Plaintiff,*
   SHANE D. MOSLEY, SR.
10

UNITED STATES DISTRICT COURT

11

FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

SAN FRANCISCO DIVISION

13

14  SHANE D. MOSLEY, SR.,                )    08-Civ-1777 (JSW)
                                         )
15              *Plaintiff,*             )    PLAINTIFF'S ADMINISTRATIVE MOTION
                                         )    TO   SHORTEN   THE   DEADLINES   SET
16         vs.                           )    FORTH IN THE ORDER SETTING INITIAL
                                         )    CASE MANAGEMENT CONFERENCE AND
17  VICTOR CONTE,                        )    FOR EXPEDITED DISCOVERY
                                         )
18              *Defendant.*             )    Date:        April 29, 2008
                                         )    Time:        10:00 a.m.
19                                       )    Courtroom:
                                         )
20                                       )    Hon. Jeffrey S. White
                                         )
21                                       )
                                         )
22                                       )
                                         )
23  _____  )
                                         )
24

25

26

27

28  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO SHORTEN THE DEADLINES
    CONTAINED IN THE SCHEDULING ORDER AND FOR EXPEDITED DISCOVERY — c 08-Civ-1777 (JSW)

## I.    **INTRODUCTION**

Plaintiff Shane D. Mosley, Sr. ("Mosley" or "Plaintiff") respectfully submits this Memorandum of Points and Authorities in support of his motion: (i) pursuant to Northern District of California's Civil Local Rule 7-11 ("Local Rule 7-11") to shorten the deadlines set forth in the Order Setting Initial Case Management Conference; with (ii) a concomitant leave to conduct expedited discovery; and (iii) such other and further relief as this Court deems just and proper.

For the reasons more fully discussed in the Burstein Dec. at ¶ 4, pursuant to Local Rule 7-11's express terms, this motion is to be deemed fully submitted on Monday, May 5, 2008, without a hearing. Nonetheless, due to the importance of the issues raised herein, Plaintiff respectfully requests oral argument on this motion during the week of May 5, 2008, if the Court's schedule will allow it.[1] The matter is urgent, because if the Court does not grant an expedited trial[2] in this case, Mosley will of necessity be denied a significant portion of the ultimate relief sued for herein.

## II.    **PRELIMINARY STATEMENT**

In the Complaint, dated April 2, 2008 (the "Complaint"), Mosley, a legendary professional boxer, asserts that he has been defamed on multiple occasions by defendant Victor Conte ("Conte" or "Defendant"), the infamous principal of the Bay Area Laboratory Co-operative ("Balco"). *See* Exhibit B a true and accurate copy of the Complaint. (All Exhibits referenced herein are annexed to the Burstein Dec.) Essentially, Conte has falsely stated that Mosley knowingly used banned or illegal performance enhancing substances. Such defamatory statements have already been published

---

[1]    Pursuant to the Court's Standing Order, Plaintiff has referenced the Court's website which identifies July 11, 2008 as the earliest date for a hearing in this case. A July 11 hearing would render much of the relief sought herein moot. Accordingly, if the Court is unable to hear argument during the week of May 5th, Plaintiff respectfully withdraws any request for oral argument, and instead asks that this application be deemed submitted on Monday, May 5, 2008, consistent with the timing requirements contained in Local Rule 7-11.

[2]    Notably, Plaintiff anticipates that trial of this matter would only require one week of full trial days, or approximately two weeks, in view of this Court's policy of sitting for trial on Mondays through Thursdays from 8:30 a.m. to 1:30 p.m (*See* the accompanying Declaration of Judd Burstein, dated April 28, 2008 ["Burstein Dec."], ¶ 5, n.2).

1  by Conte in, *inter alia*, the *New York Daily News* ("*Daily News*"). (*See* Ex. C, a true and complete

2  copy of a *Daily News* Article, dated March 30, 2008, which reports Conte as stating that he watched,

3  *inter alia*, Mosley "inject himself," and that Mosley knew "precisely what [he] was using.").

4      Moreover, Conte has told reporters that he is currently writing a book, which is scheduled

5  to be published in September 2008, in which Conte intends to republish his defamatory statements

6  about Mosley to a national audience (the "September 2008 Publication"). *Id.* Hence, while Conte's

7  defamatory publications in the *Daily News* have already caused significant damage to Mosley's

8  reputation, the *Daily News* is a regional paper. The national publication of the defamatory

9  statements in a highly publicized book authored by the infamous Conte will do far greater and

10  irreversible damage to Mosley's reputation. (*See* Burstein Dec. at ¶ 7).

11      Accordingly, this case presents a unique situation whereby a Plaintiff knows that a Defendant

12  intends to disseminate allegedly defamatory publications on a wide scale several months in the

13  future. Mosley thus brings this motion in an attempt to avoid First Amendment concerns relating

14  to the prior restraint of speech. If Mosley can successfully establish that Defendant's statements are

15  defamatory, the Court is empowered to enjoin Conte from repeating and republishing them,

16  including, in particular, the anticipated September 2008 Publication. (*See* discussion *infra*).

17  **III.    STATEMENT OF RELEVANT FACTUAL BACKGROUND**

18      Due to the page limitations for this motion, in addition to the summary set forth in the

19  Preliminary Statement above, Mosley respectfully refers the Court to the Complaint for a complete

20  recitation of the facts.

21  **IV.    RELEVANT PROCEDURAL HISTORY**

22      Mosley filed the Complaint, dated April 2, 2008, seeking, *inter alia*, damages and a

23  permanent injunction against Conte for his past and continued defamatory statements relating to

24  Mosley's alleged knowing use of any illegal or banned substances. On or about April 2, 2008, the

25  United States Magistrate Judge Bernard Zimmerman was assigned to the case and issued an Order

26  Setting Initial Case Management Conference and ADR Deadlines ("Scheduling Order"). The

27

28  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO SHORTEN THE DEADLINES CONTAINED IN THE SCHEDULING ORDER AND FOR EXPEDITED DISCOVERY — c 08-Civ-1777 (JSW)

1   Scheduling Order set the following deadlines: (i) June 23, 2008, as the last day to meet and confer

2   for, *inter alia*, initial disclosures, ADR process selection and set a discovery plan; (ii) July 7, 2008,

3   as the last day to file Rule 26(f) Report, complete initial disclosures or state objections in the Rule

4   26(f) Report and file a Case Management Statement; and (iii) July 14, 2008, as the date for the Initial

5   Case Management Conference.

6       On April 18, 2008, Counsel for Plaintiff wrote Conte's counsel seeking consent to the relief

7   sought herein. In a writing dated April 22, 2008, Conte's counsel declined to consent; consequently

8   no Local Rule 7-11 stipulation accompanies this motion. (Exhibit E is a true and complete copy of

9   both the April 18th writing and the April 22nd response). On April 23, 2008, counsel for the parties

10  filed a stipulation extending Conte's time to answer, without prejudice to the relief sought herein.

11  *See* Docket Entry No. 11. On April 23, 2008, Conte filed a declination to proceed before United

12  States Magistrate Judge Zimmerman. *See* Docket Entry No. 12. In an Order filed on April 25, 2008,

13  this case was reassigned to Hon. Jeffrey S. White. Docket Entry No. 15.

14  **V.    ARGUMENT**

15      A.    **Mosley Seeks to Shorten the Deadlines Set Forth in the Scheduling Order**

16      Essentially a catch-all for various administrative relief, Local Rule 7-11 "recognizes that

17  during the course of case proceedings a party may require a Court order with respect to

18  miscellaneous administrative matters, not otherwise governed by a federal statute, Federal or local

19  rule or standing order of the assigned judge."[3] This is such a case. In this regard, "[d]istrict courts

20  have an inherent power to control their dockets." *In re Phenylpropanolamine (PPA) Products*

21  *Liability Litigation*, 460 F.3d 1217, 1227 (9th Cir. 2006) (citation omitted).

22      Mosley seeks to shorten the deadlines set forth in the Scheduling Order as follows: (i) **May**

23  **12, 2008,** as the last day to meet and confer for, *inter alia*, initial disclosures, ADR process selection

24

25          [3]    *See also Excelligence Learning Corp. v. Oriental Trading Co., Inc.*, No. C-03-4947,

26  2004 WL 2452830, at *2 (N.D.Cal. Mar. 22, 2004) ("For the reasons discussed on the record, the

27  Court will grant in part Excelligence's motion for an expedited schedule.").

1    and set a discovery plan; (ii) **May 19, 2008** as the last day to file the Rule 26(f) Report, complete

2    initial disclosures or state objections in the Rule 26(f) Report and file a Case Management

3    Statement; and (iii) **May 30, 2008** as the date for the Initial Case Management Conference, or as

4    soon thereafter as is convenient to the Court.  Mosley has good cause for requesting the shortening

5    of these deadlines.  The shortened deadlines are designed to allow Mosley to go forward with an

6    expedited trial on his claims of slander[4] and libel[5], which he has pled in compliance with

7    Cal.Civ.Code §§ 45 and 46.  *See* the Complaint at ¶¶ 11-42.

8         If the Court's schedule allows, the shortening of these deadlines will make it possible for

9    Plaintiff to go forward with an expedited trial in July or August 2008, of *inter alia*, Mosley's claims

10   for damages as well as a permanent injunction restraining Conte from publishing the September

11   2008 Publication.  Important here, California's Supreme Court held in *Balboa Island Village Inn, Inc.*

12   *v. Lemen*, that a permanent injunction against speech judicially determined to be defamatory is **not**

13   an unconstitutional prior restraint under either the Constitution of the United States or California.

14   40 Cal.4th 1141, 1155, 1160, 156 P.3d 339, 349, 352, 57 Cal.Rptr.3d 320, 331, 335 (Cal. 2007):

15        [F]ollowing a trial at which it is determined that the defendant defamed the plaintiff,
          the court may issue an injunction prohibiting the defendant from repeating the
16        statements determined to be defamatory * * * Despite the broad language in the
          California Constitution protecting speech, we have recognized that a court may
17        enjoin further distribution of a publication that was found at trial to be unlawful....

18        Accordingly, Mosley does not seek to preliminarily enjoin Conte from publishing the book

19   with the defamatory statements.  Rather, Mosley seeks, pursuant to *Balboa Island*, to have an

20   _____

21        [4]    As set forth in the Complaint at ¶¶ 12, 13, and 24, Conte spoke to reporters for the
     *New York Daily News* and a reporter for *USA Today* and falsely stated, with actual malice, to the
22   reporters that he "watched [Mosley] inject [himself] in front of me," that Mosley "knew precisely
     what [he was] using," and that, notwithstanding Mosley's prior public claim that Conte had misled
23   Mosley about the legality of the products provided by Conte, "[i]t was all explained up front and
     there was no deception."  (Complaint at ¶ 12).
24

25        [5]    As set forth in the Complaint at ¶ 34, in September of 2007, Conte sent an e-mail to
     a reporter affiliated with SI.com falsely stating with actual malice, in words and substance, that he
26   had explained to Mosley that he (Conte) was providing him with illegal steroids and performance
     enhancing substances.  Complaint at ¶ 34.
27

1  expedited trial on the merits to prove the statements are defamatory, and then to permanently enjoin

2  Conte from continuing to repeat the defamatory statements.

3  **B**.   **The Court Should Grant Expedited Discovery**

4  This Court may grant expedited discovery "for good cause shown."[6]   Mosley requests

5  permission to begin discovery immediately, prior to the Rule 26(f) conference.  As set forth *supra*,

6  Mosley has established good cause, because he is properly seeking an expedited trial of this matter.

7  **VI.**   **CONCLUSION**

8  Based upon the foregoing, Plaintiff respectfully requests that the Court grant Mosley's motion

9  (i) to shorten the deadlines set forth in the Order Setting Initial Case Management Conference; (ii)

10  for leave to conduct expedited discovery prior to conferring with opposing counsel and prior to the

11  Initial case Management Conference; with (iii) such other and further relief as this Court deems just

12  and proper.

13  Dated: San Francisco, California
        April 29, 2008

14                                          JUDD BURSTEIN, P.C.

15

16                                          By_____
                                               Judd Burstein
17                                          1790 Broadway, Suite 1501
                                            New York, New York 10019
18                                          Tel (212) 974-2400
                                            Fax (212) 974-2944
19                                          E-mail jburstein@burlaw.com

20                                          LONG & LEVIT LLP
                                            Kim O. Dincel, Esq. (SBN 131563)
21                                          465 California Street 5th Floor
                                            San Francisco, California 94104
22                                          Tel (415) 397-2222
                                            Fax (415) 397-6392
23                                          E-mail kdincel@longlevit.com

24

25

26  _____
        [6]      *In re Countrywide Financial Corp. Derivative Litigation*, Nos. CV-07-06923,
27  CV-07-05295, 2008 WL 852638, at *13 (C.D.Cal. Mar. 28, 2008).

28