1  JAMES M. WAGSTAFFE (95535)
   IVO LABAR (203492)
2  **KERR & WAGSTAFFE LLP**
   100 Spear Street, Suite 1800
3  San Francisco, CA 94105–1528
   Telephone: (415) 371-8500
4  Fax: (415) 371-0500

5  Attorneys for Defendant
   VICTOR CONTE

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE D. MOSLEY, SR., | Case No. C 08-01777 JSW |
| Plaintiff, | **OPPOSITION TO MOTION FOR EXPEDITED DISCOVERY AND TRIAL** |
| vs. | Hearing Date: TBD |
| VICTOR CONTE, | Time: TBD |
| Defendant. | Courtroom: 2 |
| | HON. JEFFREY S. WHITE |

CASE NO. C 08-01777 JSW                          OPPOSITION TO MOTION FOR EXPEDITED
                                                 DISCOVERY AND TRIAL

## I. INTRODUCTION

Professional boxer and public figure Shane Mosley seeks expedited discovery and trial in his recently filed defamation action. His slander and libel claims are based on the puzzling proposition that he did not "knowingly" inject himself with illegal performance enhancing drugs. Mosley wants a quick trial in the hopes of obtaining a permanent injunction that would prohibit the publication of a book detailing his drug use. Mosley contends that publication of the book will cause "irreversible damage" to his reputation. Mosley ignores the undisputed fact that his drug use has been the subject of massive, nationwide media attention for years. There is nothing extraordinary about this case that requires expedited discovery or a trial within four months of filing the complaint.

Mosley does not meet the legal standard for expedited discovery and trial. Such relief may only be granted on a showing of good cause. The only "good cause" advanced by Mosley is his erroneous belief that a quick trial will result in the Court issuing an unconstitutional prior restraint banning a book that will detail Mosley's already well-documented drug use. That is not good cause. Rather, it reflects Mosley's fundamental misunderstanding of First Amendment law.

Granting expedited discovery and trial will greatly prejudice defendant. This action will involve numerous out-of-state witnesses and complex expert testimony related to Mosley's drug use. Defendant is entitled to time to prepare his defense, evaluate possible counterclaims, potentially move to transfer and consolidate this action with other defamation actions arising from Mosley's drug use and bring dispositive pre-trial motions. This will be prevented by the trial schedule urged by Plaintiff.

Extraordinary relief should not be granted because it is based on the erroneous assumption that a hasty trial on the merits will entitle Mosley to a permanent injunction. Even if an injunction were issued, it could not be enforced against non-parties to this case, such as the publishing house that plans to publish Mr. Conte's book, or the thousands of nationwide media outlets that have reported, and will continue to report on, Mosley's admitted illegal drug use. Accordingly, an expedited trial cannot result in the relief he is seeking. All told, there are no

exigent circumstances here that warrant extraordinary relief, let alone a trial within four months of filing the complaint in a case where the plaintiff is seeking sizeable compensatory and punitive damages. As such, Mosley's motion should be denied.

## II.     BACKGROUND

This case is still in its nascent stage.  Less than one month ago, on April 2, 2008, Mosley filed a complaint for slander and libel against Defendant Victor Conte. (*Declaration of Ivo Labar ("Labar Decl."), ¶ 2 Ex. A, Complaint*).  The complaint alleges that, in July 2003, Mosley and his trainer, Daryl Hudson, met with Conte and that Conte recommended certain health supplements to Mosley. (*Id. ¶ 7*). Conte allegedly assured Mosley that the drugs were legal. (*Id. ¶*). The complaint further alleges that on March 29th and 30th 2008, Conte gave a series of interviews in which Conte falsely accused Mosley of "knowingly" taking illegal performance-enhancing drugs. (*Id. ¶¶ 12, 13, 24, and 34*). The complaint seeks compensatory damages, punitive damages and a permanent injunction preventing Conte from publishing a book detailing Mosley's drug use. (*Id. ¶ at p. 9*).  Mosley contends that publishing the book will cause "irreversible damage" to Plaintiff's reputation on a national scale. (Motion at p. 3.)

The complaint is silent on whether Mosley ever ingested the drugs that Conte gave him. This omission is curious given that it is an undisputed fact that Mosley has admitted to illegal drug use. (*Labar Decl. ¶ 3-4, Ex. B-C*). This fact has been public knowledge for years. (*Id.*) Indeed, in 2003, Mosley testified before a federal grand jury investigating the BALCO's link to a number of professional athletes. (*Id.*, Ex. D).  The government's chief witness in the BALCO trial, IRS agent Jeff Novitzky, publicly testified about Mosley's extensive illegal drug use that was done in preparation for Mosley's championship bouts. (*Id.*, Ex. C). Reports linking Mosley to illegal drug use have been circulated worldwide, both in print and on the Internet, since 2003. (*Id.*, Exs. B-D). Mosley's complaint omits that Mosley was recently sued for defamation by Daryll Hudson, his former training couch. Hudson alleges that Mosley defamed Hudson by falsely accusing Hudson of encouraging Mosley to take illegal drugs. (*Labar Decl. ¶ 6, Ex. E*). That case, *Hudson v. Mosley*, Case No. 08-0118, is currently pending in the Central District of California. Mosley has not moved for an expedited trial in that action.

– 2 –

CASE NO. C 08-01777 JSW         OPPOSITION TO MOTION FOR EXPEDITED DISCOVERY AND TRIAL

## III. ARGUMENT

### A. THERE IS NO GOOD CAUSE WARRANTING EXPEDITED DISCOVERY

The Federal Rules of Civil Procedure provide, in applicable part, that "a party may not seek discovery before the parties have conferred by Rule 26(f)" except by order of the court. Fed. R. Civ. Proc. 26(f).[1] Mosley seeks to override this well-established procedure here.

The court may only expedite discovery where the moving party demonstrates good cause to do so. Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R..D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Id. see also Fed. R. Civ. Proc. 26(d)(2). There is no good cause here. Courts have found good cause only in exigent circumstances where there is a likelihood that evidence may be destroyed or where a preliminary injunction is sought. Pod-Ners, LLC v. Northern Feed & Bean, 204 F.R.D. 675, 676 (D CO 2002); Qwest Communications Int'l, Inc. v. Worldquest Networks, Inc., 213 F.R.D. 418, 419 (D CO 2003). This is not such a case.

Mosley's sole argument for a finding of good cause is his unsupported allegation that the pending publication of Conte's book will cause "irreversible damage" to Mosley's reputation. Mosley's argument leads with its chin. Mosley's complaint *admits* that the alleged defamatory statements have already been published in national publications such as *New York Daily News*, *USA Today* and *Sports Illustrated* magazine. (*Complaint* ¶ 37). The complaint also alleges that the statements have been republished on the World Wide Web. (*Id*). Indeed, a Google search for "Shane Mosley Drug Use" yields tens of thousand of results. (*Labar Decl. ¶* F). Accordingly, there is no basis for the assertion that further dissemination of Conte's statements

---

[1] As a threshold matter, Defendant objects to Plaintiff's effort to style this motion as one brought pursuant to Local Rule 7-1, which is limited to routine administrative procedures not covered by other federal rules. Here, there is a federal rule on point, Rule 26. Plaintiff should have filed a noticed motion pursuant to Rule 26, or in the alternative, an *ex parte* request for shortened time to hear such a motion. He has done neither. Permitting plaintiff to obtain expedited relief under L.R. 7-11 effectively interferes with defendant's right to oppose the motion in a thorough manner with adequate notice.

1   will cause "irreversible damage" to Mosley's already battered reputation.  Mosley cannot point
2   to a single case with similar facts that supports his request.  Under Mosley's shortsighted
3   argument, every plaintiff in every defamation claim would be entitled to seek an expedited trial
4   where a defendant evidences an intent to repeat the alleged defamation.   Such a scheme is
5   wholly unworkable.

6          **B.**     **EXPEDITED DISCOVERY AND TRIAL WILL GREATLY PREJUDICE DEFENDANT**

7   Any order compelling expedited discovery and trial will greatly prejudice the defendant.
8   This case will involve numerous out-of-state witnesses who have relevant information about
9   Mosley's drug use, and substantial expert testimony regarding the banned performance-
10  enhancing drugs that are the subject of the alleged defamation.  (*Labar Decl. ¶ 8*).  This expert
11  testimony will be highly relevant, give Mosely's disingenuous assertion that he did not "know"
12  he was injecting himself with illegal drugs when he visited the BALCO lab.  (*Id.*).

13  Counsel needs time to prepare for the defense of this fact-intensive action, and a proper
14  defense cannot be mounted in a few months time.  (*Id.*).  Defendant has not yet even responded
15  to the complaint.  Defendant needs time to consider counterclaims, potentially move to transfer
16  and consolidate with the *Hudson* action in the Central District and bring pre-trial dispositive
17  motions.   Plaintiff's proposed schedule for completing initial disclosures by the end of the
18  month in preparation for a July trial is not feasible.  Indeed, the best evidence that the plan is
19  unworkable is that Plaintiff has not attached a proposed Rule 26 plan detailing how the discovery
20  in this case could be completed on an expedited basis.  Mosley seeks a quick adjudication of his
21  claim for tactical reasons only.  Allowing such procedural fencing would cause great harm to the
22  Conte's ability to defend this claim fairly.

23         **C.**     **MOSLEY CANNOT OBTAIN THE PERMANENT INJUNCTIVE RELIEF THAT HE SEEKS**

24
25  Mosley's request for an expedited trial is premised on the erroneous interpretation of the
26  California Supreme Court's decision in <u>Balboa Island Village Inn v. Lemen</u>, 40 Cal. 4th 1141,
27  1156 (2007). Based on <u>Lemen</u>, Mosley incorrectly believes that if he prevails on the merits of
28

– 4 –

CASE NO. C 08-01777 JSW                                         OPPOSITION TO MOTION FOR EXPEDITED DISCOVERY AND TRIAL

KERR
&
WAGSTAFFE
LLP

his defamation claim, he will be entitled to a permanent injunction preventing Conte's book from being published. Mosley is not entitled to the unconstitutional prior restraint he is seeking.

As a threshold matter, the <u>Lemen</u> court's First Amendment analysis is not binding on this Court. Indeed, U.S. Supreme Court precedent forbids restraints on future speech, even if past oral statements have been found to be unprotected speech. <u>See</u> e.g. <u>Vance v. Universal Amusement Co. Inc.</u>, 445 U.S. 308, 311 (1980). Mosley makes no effort to explain why an injunction would be proper under federal law or Federal Rule of Civil Procedure 65. Fed. R. Civ. Proc. 65. In any event, <u>Lemen</u> is readily distinguishable. Unlike the situation in <u>Lemen</u>, Mosley is a public figure and the statements here are a matter of public concern. Public figure defamation plaintiffs such as Mosley must surmount vastly greater hurdles than private figures, most notably a showing of actual malice. <u>New York Times v. Sullivan</u>, 376 U.S. 254, 279-80 (1964). Unlike the plaintiff in <u>Lemen</u>, Mosley seeks more than pure injunctive relief. Mosley also seeks sizeable compensatory and punitive damages. Also, <u>Lemen</u> court found that, due to First Amendment concerns, any injunction prohibiting speech would have to be limited to the defendant in the action. <u>Lemen</u>, 40 Cal. 4th 1160. Accordingly, here, even if an injunction was issued against Conte, it would not forbid third parties, such as book publishers or journalists, from repeating the same statements regarding Mosley's drug use. There could never be an injunction against those parties without the constitutional requirement of a finding of actual malice against each party sought to be enjoined. <u>Sullivan</u>, 376 U.S. at 279-80. That is not possible here. Mosley's drug use is already public knowledge and will be repeated *ad nauseum* regardless of any injunction against Conte. Mosley's argument that a quick trial is necessary to avoid "irreversible damage" to his reputation is a canard.

## IV.     CONCLUSION

Plaintiff seeks extraordinary relief in an ordinary situation. For the reasons explained above, Plaintiff's motion should be denied.

1  DATED: May 2, 2008

2  **KERR & WAGSTAFFE LLP**

4  By _____s/_____
   IVO LABAR

   Attorneys for Defendant
   VICTOR CONTE