UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

|  |  |
|---|---|
| SHANE D. MOSLEY, SR., <br> *Plaintiff*, <br> vs. <br> VICTOR CONTE, <br> *Defendant*. | Case No. 08-Civ-1777 (JSW) <br> **RULE 26(F) REPORT** |

Plaintiff Shane D. Mosley, Sr. ("Plaintiff"), by his attorneys, Judd Burstein, P.C. and Long & Levit LLP, and Defendant Victor Conte ("Defendant"), by his counsel, Kerr & Wagstaffe, LLP, as and for their Report pursuant to Fed. R. Civ. P. 26(f), in the above-captioned matter provide as follows:

*1. Changes in the Timing, Form or Requirement for Disclosures Under Rule 26(a)(1):*

Pursuant to the Court's May 6, 2008 Order, the parties will exchange initial disclosures by Wednesday, May 21, 2008.

*2. The Subjects on Which Discovery May Be Needed, When Discovery Should Be Completed, and Whether Discovery Should Be Conducted in Phases:*

A.  In accordance with this Court's May 6, 2008 Order which granted expedited discovery in the above-captioned action, Plaintiff proposes a discovery cut off of July 15, 2008.

Plaintiff believes that discovery should proceed on all allegations and defenses raised in the pleadings.

  B. Defendant objects to the expedited trial date and a proposed discovery cut-off of July 15, 2008. Defendant request that initial discovery will be limited to jurisdictional issues and the issues raised by Defendant's SLAPP motion (Cal. Code Civ. Proc. § 425.16).

**3. *Any Issues About Disclosure or Discovery of Electronically Stored Information, Including the Form or Forms in Which It Should be Produced:***

Neither Plaintiff nor Defendant is aware of any issues concerning electronically stored information, which can be produced on CD-ROMs as long as the format is accessible by the party receiving the disclosure. Both Plaintiff and Defendant reserve the right to employ computer forensics and to seek other relief under this section as becomes reasonably necessary as the case progresses.

**4. *Any Issues About Claims of Privilege or of Protection as Trial Preparation Materials, Including – If the Parties Agree on a Procedure to Assert These Claims After Production – Whether to Ask the Court to Include Their Agreement in an Order:***

Neither Plaintiff nor Defendant believes that any changes need to be made to the requirements and limitations concerning these issues as provided by the Federal Rules of Civil Procedure, the Local Rules, and applicable case law, but all parties reserve the right to seek same if the need should arise.

**5. *Changes to the Limitations on Discovery Imposed By the Federal Rules of Civil Procedure:***

    A.    Plaintiff proposes that the parties mutually agree to shorten the time in which responses to discovery demands be due. Specifically, rather than the 30-day deadline to answer interrogatories and document requests provided by Fed.R.Civ.P. 33(b)(3) and 34(b), the parties should employ a 15-day deadline.

    B.    Defendant does not agree to shorten the time to respond to written discovery demands. As per Defendant, the case has just commenced and Defendant needs time to investigate the case so that he can properly respond. Defendant reserves the right to seek an extension of time after he has reviewed the planned discovery.

**6. *Any Other Orders That Should Be Entered By the Court Under Rule 26(c) or Under Rule 16(b) and (c):***

    A.    Plaintiff proposes the following:

    (i) Joinder of additional parties be accomplished by no later than May 30, 2008;

    (ii) Depositions of non-experts, if any, be completed by June 20, 2008;

    (iii) Expert reports, if any, are to be exchanged by June 30, 2008;

    (iv) Rebuttal expert reports responding to issues raised in the initial reports, if any, shall be exchanged by July 7, 2008;

    (v) Expert depositions by July 11, 2008;

(vi) Dispositive motions, if any, be filed no later than July 15, 2008;

(vii) Pre-trial orders, to the extent necessary are to be filed by July 25, 2008; and

(viii) Additionally, the parties shall file motions *in limine* by, on, or before 15 days prior the commencement of trial if such a date has been fixed, or by August 1, 2008, if no trial date has been fixed.

B. Defendant contends as follows:

(i) Defendant objects to Plaintiff's proposed "cut-off" date and trial date;

(ii) Defendant contends that there is not enough time to resolve the fact discovery in the time suggested, let alone the expert discovery in this case, which will involve complicated expert medical testimony; and

(iii) Defendant proposes that further case management deadlines be set, if necessary, in a subsequent case management following the hearing on Defendant's SLAPP motion.

Dated: May 19, 2008

| | |
|---|---|
| JUDD BURSTEIN, P.C. | KERR & WAGSTAFFE |
| By: _____ | By: _____ |
| Jeremy M. Astle, Esq. | Ivo Labar, Esq. |
| 1790 Broadway, Suite 1501 | 100 Spear Street, Suite 1800 |
| New York, New York 10019 | San Francisco, California 94105 |
| Tel: (212) 974-2400 | Tel: (415) 371-8500 |
| | *Attorneys for Defendant Victor Conte* |

AND

LONG & LEVIT LLP
Kim Dincel, Esq. (SBN 131563)
465 California Street, 5h Floor
San Francisco, California 94104
Tel: (415) 397-2222
*Attorneys for Plaintiff Shane D. Mosley, Sr.*