UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHANE D. MOSLEY, SR., <br><br> *Plaintiff,* <br><br> vs. <br><br> VICTOR CONTE, <br><br> *Defendant.* | Case No. 08-Civ-1777 (JSW) <br><br> **JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** |

The Parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

### DESCRIPTION OF THE CASE

1. **Brief description of the events underlying the action:**

As stated in the Complaint filed in the above-captioned action, Plaintiff Shane D. Mosley, Sr. ("Plaintiff" or "Mosley") alleges that he was informed by Darryl Hudson ("Hudson") that the Bay Area Laboratory Cooperative ("Balco") sold entirely legal supplements which would aid his training. As a result, Plaintiff alleges that he met Defendant Victor Conte ("Defendant" or "Conte"), president of Balco, at the offices of Balco, during which Defendant recommended that Mosley take a regimen of products that would improve his endurance. Plaintiff alleges that he was specifically told by Conte that there was nothing wrong with following Defendant's recommendations and that the

**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**

1

products recommended were entirely legal and appropriate. In March 2008, Plaintiff alleges that Defendant engaged in a publicity campaign in anticipation of the publication of a book he wrote concerning his life as a peddler of steroids ("Conte Book"). As part of this publicity campaign to maximize sales of his future book, Plaintiff alleges that Defendant made knowingly false claims about Plaintiff's use of Balco products. Moreover, Plaintiff alleges that Defendant intends to publish the Conte Book in September 2008, which Plaintiff alleges contains defamatory statements of Plaintiff.

Defendant contends that Plaintiff requested performance enhancing drugs. Defendant further contends that he was fully aware of the illegal performance enhancing drugs that Plaintiff was taking and that Plaintiff's use of performance enhancing drugs has been admitted to by Plaintiff and has been the subject of extensive, worldwide, media-attention.

2. **Relief Sought:**

A. Plaintiff contends that expert testimony will establish that the money damages attributable to the injury to reputation suffered by Plaintiff as a result of the Defendant's wrongful acts amounts to many millions of dollars, but in no event less than $5,000,000 in actual damages with punitive damages in the amount of $10,000,000. Until expert disclosure has been completed, a more detailed calculation of damages will not be possible.

B. Defendant disputes whether Plaintiff has suffered any damages.

**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**

2

3. **The principal factual issues which the Parties dispute:**

The parties dispute whether Defendant's statements regarding Plaintiff are substantially true or defamatory.

4. **The principal legal issues which the Parties dispute:**

The parties dispute whether Defendant's statements, which are detailed in the Complaint filed in this action, are substantially true or defamatory. Defendant disputes whether Plaintiff can show, by clear and convincing evidence, that Defendant made defamatory statements with the requisite actual malice. Moreover, the Parties dispute whether Defendant can be permanently enjoined from publishing the Conte Book, which Plaintiff alleges contains defamatory statements of Plaintiff. Defendant will seek to have these issues resolved by dispositive motions. Defendant intends to file an anti-SLAPP motion to dismiss the complaint pursuant to California Code of Civil Procedure § 425.16.

5. **The other factual issues** *[e.g. service of process, personal jurisdiction, subject matter or venue]* **which remain unresolved for the reason stated below and how the parties proposed to resolve those issues:**

Plaintiff contends that this court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. Defendant contends that the parties to the above-captioned case may not be diverse, as that term is defined in 28 U.S.C. § 1332 and, therefore, this Court cannot properly exercise jurisdiction over this action.

**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**

3

Plaintiff disputes the need for any jurisdictional discovery. As discovery has already commenced pursuant the Hon. Jeffrey S. White's May 6, 2008 Order, all discovery has begun.

**6.     The parties which have not been served and the reasons:**

All parties have been served.

**7.     The additional parties which the below-specified parties intend to join and the intended time frame for such joinder:**

At the present time, neither Plaintiff nor Defendant intends to join additional parties.

**8.     The following parties consent to assignment of this case to a United States Magistrate Judge for *[court or jury]* trial:**

Neither Plaintiff nor Defendant consents to assignment of this case to a United States Magistrate Judge for trial.

## ALTERNATIVE DISPUTE RESOLUTION

**9.     The Parties filed a Notice of Need for ADR Phone Conference.** The ADR Office of the Northern District of California has not yet scheduled a phone conference.

**10.    Please indicate any other information regarding ADR process or deadline.**

The parties cannot reach an agreement as to an ADR process. Defendant is willing to consent to an Early Neutral Evaluation and Plaintiff does not believe that any form of ADR will be an effective means through which to resolve the issues in dispute.

**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**

4

## DISCLOSURES

**11.    The parties certify that they have made the following disclosures:**

    A.    Pursuant to the Court's May 6, 2008 Order, the parties will exchange their Rule 26(a) initial disclosures, which includes disclosures of potential witnesses and, to the extent possible, damage computations.

    B.    As required by Civil Local Rule 3-16, on April 2, 2008, Plaintiff has filed with the Court the requisite certification concerning potential interested entities. Furthermore, Plaintiff restates that as of this date, other than the named parties, there is no such interest to report.

Defendant intends to file the requisite certification upon his first appearance.

## DISCOVERY

**12.    The parties agree to the following discovery plan**

The parties have not agreed to a discovery plan.

    A.    In accordance with the Court's May 6, 2008 Order, Plaintiff proposes that the Court impose the following expedited discovery plan:

        (i)    Discovery cut-off date of July 15, 2008;

        (ii)    Joinder of additional parties be accomplished by no later than May 30, 2008;

        (iii)    Expert reports, if any, be exchanged by June 30, 2008;

        (iv)    Rebuttal expert reports responding to issues raised in the initial reports, if any, shall be exchanged by July 7, 2008;

        (v)    Expert depositions be accomplished by no later than July 11, 2008;

**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**

(vi) The 30-day deadline to answer interrogatories and document requests provided by Fed.R.Civ.P. 33(b)(3) and 34(b) be shorted to a 15-day deadline; and

(vii) Dispositive motions, if any, be filed no later than July 15, 2008.

B. Defendant contends as follows:

(i) Defendant objects to Plaintiff's proposed "cut-off" date and trial date;

(ii) Defendant contends that there is not enough time to resolve the fact discovery in the time suggested, let alone the expert discovery in this case, which will involve complicated expert medical testimony;

(iii) Defendant does not agree to shorten the time to respond to written discovery demands. As per Defendant, the case has just commenced and Defendant needs time to investigate the case so that he can properly respond. Defendant reserves the right to seek an extension of time after he has reviewed the discovery plan; and

(iv) Defendant proposes that further case management deadlines be set, if necessary, in a subsequent case management statement following the hearing on Defendant's anticipated SLAPP motion.

13. **Evidence Preservation:**

The parties are unaware of unaware of any issues related to evidence preservation.

## TRIAL SCHEDULE

14. The parties request a trial date as follows:

A. Plaintiff requests that this case be conducted on an expedited basis, with trial beginning no later than August 18, 2008. Plaintiff further notes that Plaintiff's motion for an expedited trial is *sub judice*.

B. Defendant contends that an expedited trial schedule is prejudicial and unworkable and suggests setting a trial date, if any, after a hearing on Defendant's dispositive anti-SLAPP motion (Cal. Code Civ. Proc. § 425.16) and after the initial round of discovery is completed.

15. The parties expect that the trial will last for the following number of days:

A. Plaintiff anticipates that trial of this matter would only require one week of full trial days, or approximately two weeks, in view of this Court's policy of sitting for trial on Mondays through Thursdays from 8:30 a.m. to 1:30 p.m.

B. Defendant anticipates that trial of this matter would require three to four weeks of full trial days.

Dated: May 22, 2008

_____
Judd Burstein, counsel for Plaintiff

Dated: May 22, 2008

_____
Ivo Labar, counsel for Defendant

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

7

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

Dated:_____                    _____
                                                  **UNITED STATES DISTRICT JUDGE**

**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**

8