Kim O. Dincel, Esq. (SBN 131563)
Long & Levit LLP
465 California Street 5th Floor
San Francisco, California 94104
Tel (415) 397-2222 Fax (415) 397-6392
E-mail kdincel@longlevit.com

JUDD BURSTEIN, P.C.
Judd Burstein (Admitted *pro hac vice*)
1790 Broadway, Suite 1501
New York, New York 10019
Tel (212) 974-2400 Fax (212) 974-2944
E-mail jburstein@burlaw.com

*Attorneys for Plaintiff,*
SHANE D. MOSLEY, SR.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHANE D. MOSLEY, SR., <br><br> *Plaintiff,* <br><br> vs. <br><br> VICTOR CONTE, <br><br> *Defendant.* | 08-Civ-1777 (JSW) <br><br> **DECLARATION OF SHANE D. MOSLEY, SR.** <br><br> Date:        May 30, 2008 <br> Time:       1:30 p.m. <br> Courtroom: 2, 17th Floor <br><br> Hon. Jeffrey S. White |

**SHANE D. MOSLEY, SR.**, hereby declares under penalty of perjury:

1. I am the Plaintiff in this action.

2. I submit this Declaration to demonstrate why Defendant Victor Conte's ("Conte" or "Defendant") anticipated motion to dismiss the complaint has no merit. The purpose of this Declaration is to place before the Court factual information relevant to my anticipated opposition

to Defendant's motion. In addition, I explain why a prompt resolution of this case is so important to me.

**THE MERITS OF MY CLAIM**

3. I am a professional boxer, and I have been defamed by Defendant, the infamous principal of the Bay Area Laboratory Co-operative ("Balco"), on multiple occasions.

4. In or about July of 2003, I met with Conte at Conte's business, Balco, for the purpose of obtaining **legal** supplements to aid my training. At this meeting with Conte, samples of my blood were taken and analyzed. Conte then recommended a regimen of products that he told me would help with my endurance.

5. Further, at the meeting with Conte, I specifically asked Conte for assurances that everything that he was recommending was both legal and healthy. Conte specifically gave me that assurance. His public claims that he explained to me that he was recommending illegal substances and procedures are also a lie.

6. Significantly, I have never denied taking the products recommended to me by Conte. Indeed, I forthrightly testified about them before the Grand Jury. However, I have always denied that Conte ever told me, or that I knew, that I was taking anything that was illegal or in any way barred by the rules of my sport.

7. I purchased and received the following supplements from Balco: "the cream", "the clear", and Erythropoietin (EPO). I admitted to the Grand Jury that I had made these purchases. However, at no time was I ever told, by Conte or anyone associated with Balco, that these products were steroids or illegal or banned performance enhancing drugs. In other words, Conte never told me, in sum or substance, that the supplements provided to me by or on behalf of Conte or Balco were undetectable steroids or other banned substances that would not show up in

a drug test. To the contrary, I explicitly sought and received Conte's assurance that everything he was recommending was entirely legal and authorized for use in my sport.

**MY NEVADA CITIZENSHIP**

8.  Conte has also claimed that I am not a citizen of Nevada. This is also not true.

9.  I own two homes in Las Vegas, Nevada, the first of which was purchased in 2002 or 2003.

10. I have a Las Vegas cell phone number, which I began using well before this action began.

11. The companies I own, and through which I conduct my boxing career - Sugar Shane, Inc. and Pound for Pound Promotions, Inc. - are Nevada Corporations organized in 2001 and 2002 respectively. The principal places of business of these corporations were, until recently, New York and, prior to commencement of this action, Nevada.

12. I have not maintained bank accounts in California for at least the last five years. Rather, all of my bank accounts have been maintained in either Nevada or New York.

13. Since at least 2005, I have maintained a Nevada driver's license and all of my cars have been registered in the State of Nevada.

14. Since at least 2005, I have filed tax returns as a resident of Nevada.

15. None of my earned income from my career as a professional boxer has been earned from fights in California since June 17, 2000. Rather, since that date, I have fought in Las Vegas 11 out of 15 times, with the other bouts taking place in either New York or Indianapolis.

16. It is true that I jointly own a home in La Verne, California with my wife and also own a home in Big Bear where I have done some of my training. However, I do not live with

my wife full time for a number of reasons, including the demands of my career, and consider Las Vegas to be my primary residence. More importantly, we have maintained the home in California because one of my children was in school at the time of my move to Nevada, and we did not want to upset his schedule. Nonetheless, virtually all of the time when the children are not in school is spent outside of California, and we ultimately do not intend to maintain a residence in California. Further, even during the school year, I spend much of my time in Las Vegas while my wife remains in California.

**THE NEED FOR A SPEEDY TRIAL**

17. I cannot begin to explain how devastating Conte's false allegations have been to me. I have been a professional athlete my entire adult life, and I believe that I have carved out an important place for myself in the sport's history. All of my life's work is at risk because of Conte's lies.

18. Further, the next phase of my economic life, after retirement from the sport in the next few years, will be based upon my career in the ring. I have a brand based upon the highest reputation for sportsmanship, and that brand is being irreparably tarnished by Conte.

19. Worse still, if the trial of this case is not completed prior to publication of Mr. Conte's book so that I can secure an injunction, I will be forced to suffer through a likely international television and print publicity tour and an internationally published book in which Mr. Conte will further seek to destroy my reputation with his lies. If this occurs, even a subsequent victory at trial will not make me completely whole – regardless of how much of a damages award I win – because my name will have already been linked to the use of illegal drugs to such a great degree that it will not be fixable.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 22nd day of May 2008.

                                              /S/
                                  SHANE D. MOSLEY, SR.