1  Kim O. Dincel, Esq. (SBN 131563)
   Long & Levit LLP
2  465 California Street 5th Floor
   San Francisco, California 94104
3  Tel (415) 397-2222 Fax (415) 397-6392
   E-mail: kdincel@longlevit.com
4
   JUDD BURSTEIN, P.C.
5  Judd Burstein, Esq. (JB-9585; admitted *pro hac vice*)
   Jeremy M. Attie, Esq. (JA-0561; admitted *pro hac vice*)
6  1790 Broadway, Suite 1501
   New York, New York 10019
7  Tel (212) 974-2400 Fax (212) 974-2944
   E-mail: jburstein@burlaw.com
8  E-mail: jattie@burlaw.com

9  *Attorneys for Plaintiff,*
   SHANE D. MOSLEY, SR.
10
                    UNITED STATES DISTRICT COURT
11
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
12
                      SAN FRANCISCO DIVISION
13

14  SHANE D. MOSLEY, SR.,              )    08-Civ-1777 (JSW)
                                       )
15           Plaintiff,                )    DECLARATION OF JUDD BURSTEIN, ESQ.
                                       )    IN FURTHER SUPPORT OF PLAINTIFF'S
16       vs.                           )    MOTION FOR AN EXPEDITED TRIAL
                                       )
17  VICTOR CONTE,                      )    Date:       May 30, 2008
                                       )    Time:       1:30 p.m.
18           Defendant                 )    Courtroom:  2, 17th Floor
                                       )
19                                     )    Hon. Jeffrey S. White
                                       )
20                                     )

21  _____

22       **JUDD BURSTEIN** hereby declares under penalty of perjury:

23       1.      I am an attorney duly admitted to practice law before the Courts of the State of New

24  York. Pursuant to the Court's Order, filed on April 7, 2008, I have been admitted to practice law in

25  this Court on a *pro hac vice* basis for the purpose of representing Plaintiff Shane D. Mosley, Sr.

26  ("Mosley" or "Plaintiff") in the present action. (*See* Exhibit A hereto, a true and complete copy of

27

1  the Court's Order, entered on April 7, 2008, granting my *pro hac vice* admission to this Court in

2  connection with this litigation).

3      2.     I submit this Declaration in further support of Mosley's motion seeking an expedited

4  trial on the merits with such other and further relief as this Court deems just and proper.

5      3.     I have been Mosley's attorney for over five years, and as such, I have personal

6  knowledge of the factual assertions made herein and/or support those assertions with the exhibits

7  attached hereto.

8      4.     The purposes of this Declaration are twofold: (i) to provide relevant factual

9  background, and (ii) to place additional relevant exhibits before the Court.

10      5.     On or about April 10, 2008, defendant Victor Conte ("Defendant" or "Conte") was

11  served with the Summons and Complaint in this action. *See* Exhibit B hereto, a true and accurate

12  copy of the Affidavit of Service.

13      6.     On or about April 22, 2008, upon the request of Conte's counsel, Mosley stipulated

14  to a thirty (30) day extension of the time for Conte to answer or otherwise move with respect to the

15  complaint. However, our agreement in this regard was expressly contingent upon the

16  acknowledgment by Conte's counsel, as memorialized in the stipulation, that our consent was

17  "without prejudice to Plaintiff bringing a motion for an expedited trial...." *See* Exhibit C hereto, a

18  true and accurate copy of the April 22, 2008 Stipulation ("Stipulation to Extend").

19      7.     On or about April 29, 2008, Mosley moved (i) pursuant to Northern District of

20  California's Local Rule 7-11 ("Local Rule 7-11") to shorten the deadlines set forth in the Order

21  Setting Initial Case Management Conference; (ii) with a concomitant leave to conduct expedited

22  discovery; together with (iii) such other and further relief as this Court deems just and proper.

23      8.     By Order dated May 6, 2008, the Honorable Jeffrey S. White granted Mosley's

24  motion, and shortened the deadlines set forth in the Order Setting Initial Case Management

25  Conference (the "May 6 Order"). *See* Exhibit D hereto, a true and accurate copy of the May 6 Order.

26

27

28

Additionally, the May 6 Order "permitted [the parties] to serve discovery demands and proceed with discovery prior to the initial case management conference." *Id.*

9.     On May 8, 2008, I sent Conte's counsel a letter detailing Mosley's position with respect to discovery and an expedited trial (the "May 8 Letter"). *See* Exhibit E hereto, a true and accurate copy of the May 8 Letter.

10.    Pointedly, in the May 8 Letter, I requested that Conte's counsel advise me, pursuant to the Northern District of California Local Rule 30-1 and Your Honor's Individual Practices, of dates when Conte was available to be deposed, subsequent to Mosley's receipt of Conte's document production. *See* Exhibit E.

11.    Conte's counsel has not responded with available dates as of yet.

12.    As permitted by the May 6 Order, Mosley has diligently begun the discovery process by, *inter alia*, serving document and interrogatory requests, seeking to schedule Conte's deposition, and issuing a key nonparty subpoena.

13.    However, unlike Mosley, Conte's counsel has failed to serve any discovery, to date.

14.    After receiving Conte's May 16, 2008 opposition to Mosley's request for an expedited trial ("Defendant's Opposition"), I wrote Conte's counsel to remind them that "that there is no bar to you subpoenaing witnesses whom you believe are relevant. You are also free to notice my client for a deposition. Since the Court's Order permitting discovery to go forward, you have not availed yourself of any discovery devices. That is of course your right, but, if our motion for an expedited trial is granted, you will have lost a month." *See* Exhibit F hereto, a true and accurate copy of my May 20, 2008 e-mail to counsel for Conte (the "May 20 E-mail").

15.    Additionally, in the May 20 E-mail, I advised counsel for Conte "that given [Conte's position in his opposition] that a mid-August trial is not practical in terms of the 9/2 publication date of Mr. Conte's book, we will argue to the Court that this concern can be ameliorated by setting an earlier trial date. To that end, we can be ready to start trial as early as July 15, and will be available

1    for up to two (and maybe three) depositions a day on any days you choose from now until the trial

2    date." *See* Exhibit F.

3        16.    Although my firm consists of only six (6) attorneys, including myself, we are willing

4    to do everything possible to ensure that the trial of this matter can go forward by August 18, 2008.

5    Moreover, as set forth above, my firm is prepared for a trial to begin early as July 15, 2008.

6        17.    Should the Court grant the relief sought herein, my firm will, most likely, seek the

7    admission of two additional attorneys on a *pro hac vice* basis to ensure that, if necessary, we are

8    available to double or triple track depositions.

9        18.    As noted, pursuant to the Stipulation to Extend, Conte must serve an answer or

10   otherwise move with respect to the complaint by May 30, 2008. *See* Exhibit C. As Conte states in

11   his Opposition papers that "[given a filing date of May 30, 2008, the SLAPP motion [and Conte's

12   motion to dismiss for lack of diversity] will likely be heard in July" (Defendant's Opposition at page

13   7), it is apparent that he intends to wait until May 30 to file such motion.

14       19.    To ensure the prompt resolution of said motions and subsequent expedited trial, my

15   firm is prepared to respond to Conte's anticipated: (i) Motion to Dismiss the Complaint for lack of

16   diversity; and (ii) Special Motion to Strike this lawsuit under California's Anti-SLAPP statute (Cal.

17   Code Civ. Proc. § 425.16), which, I assume will be filed on May 30, 2008, by on or before June 4,

18   2008. *See* Defendant's Opposition at page 1, FN 1.

19       20.    Likewise, should Conte decide to move for summary judgment motion. My firm

20   stands ready to answer such a motion on any schedule set by the Court.

21       21.    Furthermore, Conte suggests in his opposition that delay of the expedited trial of this

22   matter will be occasioned by his requests, *inter alia*, for (a) discovery from "Mosley's health care

23   providers [and] former boxing trainers," including, but not limited to, "all of Mosley's medical and

24   training records" (Defendant's Opposition at page 4); (b) the release of Mosley's testimony before

25   the grand jury in the BALCO criminal investigation (*id.*); and (c) Mosley's banking records for the

26   summer of 2003. *Id.* at page 5.

27

28

1    22.    However, Mosley does not intend to prevent Conte from seeking and securing such

2    discovery. Rather, by the time that this motion is heard, Mosley will have provided Conte with (a)

3    a list of all health care providers and HIPAA Authorizations for them for the period January 1, 2002

4    to present; and (b) a list of all former boxing trainers and, if available, their addresses.

5    23.    Notably, Mosely has already provided my office with a list of all health care providers

6    for the period January 1, 2002 to the present, and a list of all former boxing trainers. However, due

7    to privacy concerns, I am not attaching said lists to this Declaration.

8    24.    Further, Mosley agrees to file a joint motion with Conte seeking release of their

9    respective Grand Jury testimony.

10    25.    Finally, Mosley is in the process of securing his banking records -- either from his

11    accountant or through requests to his banks -- for the period of June 1, 2003 through September 30,

12    2003, and will promptly provide them.

13    I declare under penalty of perjury under the laws of the United States that the foregoing is
true and correct. Executed this 23rd day of May 2008, in Fairfield County, Connecticut.

14

15    _____/S_____

16    JUDD BURSTEIN

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

1  Judd Burstein
   JUDD BURSTEIN, PC
2  1790 Broadway, Suite 1501
   New York, NY 10019
3  TEL: (212) 974-2400

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11  Shane D. Mosley, Sr.,              CASE No. CV081777   BZ

12                  Plaintiff,         [PROPOSED] ORDER GRANTING
                                       APPLICATION FOR ADMISSION OF
13     vs.                             ATTORNEY PRO HAC VICE

14  Victor Conte,                      Action Filed:    No Date Set

15                  Defendant.

16

17          Judd Burstein, an active member in good standing of the bars of: the United States

18  Supreme Court, the United States Tax Court, the United States Courts of Appeals for the 2nd, 3rd,

19  4th, 6th, 7th, 9th, and 10th Circuits, the United States District Court for the Eastern, Southern, and

20  Northern Districts of New York, the District of Connecticut, and the District of Columbia, whose

21  business address and telephone number is: Judd Burstein PC, 1790 Broadway, Suite 1501, New

22  York, New York, 10019, (212) 974-2400, having applied in the above-entitled action for

23  admission to practice in the Northern District of California on a *pro hac vice* basis, representing

24  Shane D. Mosley, Sr.

25          IT IS HEREBY ORDERED THAT the application is granted, subject to the terms

26  and conditions of Civil L.R. 11-3. All papers filed by the attorney must indicate appearance *pro*

27  *hac vice.* Service of papers upon and communication with co-counsel designated in the

28  application will constitute notice to the party. All future filings in this action are subject to the

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

1

1  requirements contained in General Order No. 45, *Electronic Case Filing.*

2  Dated: April 4, 2008

        United States Magistrate Judge

4

DOCS\S0117-001\547313.V1



    IT IS SO ORDERED

    Judge Bernard Zimmerman

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

[PROPOSED] ORDER GRANTING PRO HAC VICE
APPLICATION (No. CV081777)

# EXHIBIT B

LONG & LEVIT LLP
Kim O. Dincel, Esq. (SBN 131563)
465 California Street 5th Floor
San Francisco, California 94104
Telephone: (415) 397-2222 Facsimile: (415) 397-6392
E-mail kdincel@longlevit.com

JUDD BURSTEIN, P.C.
Judd Burstein (pending admission pro hac vice)
Jeremy Attie (pending admission pro hac vice)
1790 Broadway, Suite 1501
New York, New York 10019
Telephone: (212) 974-2400 Facsimile (212) 974-2944
E-mail jburstein@burlaw.com
Attorneys for Plaintiff: SHANE D. MOSLEY, SR.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

Case #: CV 08 1777 BZ

Plaintiff: SHANE D. MOSLEY, SR.

Defendant: VICTOR CONTE

### PROOF OF SERVICE

At the time of service I was at least eighteen years of age and not a party to this action.  I served copies of the:
1. CIVIL COVER SHEET
2. SUMMONS IN A CIVIL CASE.
3. COMPAINT FOR DAMAGES AND INJUNCTIVE RELIEF.
4. CERTIFICATION OF INTERESTED ENTITIES OR PERSONS.
5. ORDER SETTING INTIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES.
6. NOTICE OF ASSIGNMENT OF CASE TO A UNITED STATES MAGISTRATE JUDGE FOR TRIAL.
7. ADR
in the within action by personally delivering true copies thereof to the person named below, as follows:

|  |  |
|---|---|
| Party Served: | Victor Conte |
|  | 716 27th Avenue |
|  | San Mateo, CA 94403 |
| Date of Service: | April 10, 2008 |
| Time of Service: | 6:15 P.M. |

Person who served papers:
Ronald Harris
**Quake Courier & Attorney Service**
1186 Folsom Street, #6
San Francisco, CA 94103
415-725-7051 / 415-725-7053

Fee for Service: $50.00
Registered California process server.
Owner ( )  Independent Contractor (X)
(2) Registration no: 401
(3) County: San Mateo

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: April 11, 2008          Signature _____

# EXHIBIT C

1   JAMES M. WAGSTAFFE (95535)
    IVO LABAR (203492)
2   HOLLY HOGAN (238714)
    **KERR & WAGSTAFFE LLP**
3   100 Spear Street, Suite 1800
    San Francisco, CA 94105–1528
4   Telephone: (415) 371-8500
    Fax: (415) 371-0500
5
    Attorneys for Defendant
6   VICTOR CONTE

7

8                    **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10  SHANE D. MOSLEY, SR.,                    Case No. C 08-01777 BZ

11              Plaintiff,               **STIPULATION TO EXTEND TIME TO**
                                         **RESPOND TO COMPLAINT**
12       vs.

13  VICTOR CONTE,

14              Defendant.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. C 08-01777 BZ                         STIPULATION TO EXTEND TIME TO RESPOND

1    Pursuant to Civil Local Rule 6-1(a), the parties hereby stipulate that Defendant Victor

2 Conte's time to respond to the Complaint, served on April 10, 2008, will be extended by thirty

3 days from April 30, 2008 to May 30, 2008. This extension of time is without prejudice to

4 Plaintiff bringing a motion for an expedited trial, a shortening of case management deadlines or

5 any other relief the Plaintiff may seek.

6

7    DATED:  April 23, 2008                    **KERR & WAGSTAFFE LLP**

8

9                                             By ___s/_____
                                                 IVO LABAR

10

11                                            Attorneys for Defendant
                                              VICTOR CONTE

12

13   DATED: April 22, 2008                    **LONG & LEVIT LLP**

14

15                                            By _____s/_____
                                                 KIM O. DINCEL

16

17                                            Attorneys for Plaintiff
                                              SHANE D. MOSLEY, SR.

18

19

20

21

22

23

24

25

26

27

28

1    Pursuant to Civil Local Rule 6-1(a), the parties hereby stipulate that Defendant Victor

2  Conte's time to respond to the Complaint, served on April 10, 2008, will be extended by thirty

3  days from April 30, 2008 to May 30, 2008. This extension of time is without prejudice to

4  Plaintiff bringing a motion for an expedited trial, a shortening of case management deadlines or

5  any other relief the Plaintiff may seek.

6

7    DATED: April 23, 2008                    KERR & WAGSTAFFE LLP

8
                                             By
9                                               PED LABAR

10                                           Attorneys for Defendant
                                             VICTOR CONTE
11

12
                                             LONG & LEVIT LLP
13    DATED: April 21, 2008

14
                                             By
15                                              KIM O. DINCEL

16                                           Attorneys for Plaintiff
                                             SHANE D. MOSLEY, SR.
17

18

19

20

21

22

23

24

25

26

27

28

KERR
WAGSTAFFE
LLP
     CASE NO. C 08-01777 BZ                    1
                                             STIPULATION TO EXTEND TIME TO RESPOND

# EXHIBIT D

United States District Court
For the Northern District of California

1

2

3

4

5

6        IN THE UNITED STATES DISTRICT COURT

7

8       FOR THE NORTHERN DISTRICT OF CALIFORNIA

9  SHANE D. MOSLEY, SR,

10       Plaintiff,              No. C 08-01777 JSW

11  v.

12  VICTOR CONTE,             **ORDER GRANTING**
                                      **PLAINTIFF'S ADMINISTRATIVE**

13       Defendant.             **MOTION TO SHORTEN**
                                        **DEADLINES**

14  _____/

15       Now before the Court is Plaintiff Shane D. Mosley, Sr.'s administrative motion to

16  shorten deadlines set forth in the order setting initial case management conference and for

17  expedited discovery.  The Court HEREBY ORDERS as follows:

18       •     initial case management conference shall occur on May 30, 2008 at 1:30 p.m.;

19       •     last day to meet and confer for, *inter alia*, initial disclosures, ADR process

20             selection and to set a discovery plan is May 14, 2008;

21       •     last day to file the Rule 26(f) Report, complete initial disclosures or state

22             objections in the Rule 26(f) Report is May 21, 2008;

23       •     last day to file a joint case management statement is May 23, 2008;

24       •     last day for Defendant to file an opposition to the motion to expedite the trial, not

25             to exceed 10 pages, is May 16, 2008;

26       •     last day for Plaintiff to file a reply, not to exceed 5 pages, is May 23, 2008.

27       The parties are permitted to serve discovery demands and proceed with discovery prior

28  to the initial case management conference.

1    Further, at the case management conference on May 30, 2008 at 1:30 p.m., the parties

2    should be prepared to address whether the Court should expedite the trial and, if so, a proposed

3    trial and pretrial schedule.

4       **IT IS SO ORDERED.**

5

6    Dated:   May 6, 2008

7                                                  JEFFREY S. WHITE
                                                   UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

2

EXHIBIT E

# JUDD BURSTEIN, P.C.
## ATTORNEYS AT LAW

JUDD BURSTEIN
PETER B. SCHALK*

MATTHEW G. DeOREO
ALEXANDER M. LEVY
JEREMY M. ATTIE

*ALSO ADMITTED IN NEW JERSEY

1790 BROADWAY
NEW YORK, NEW YORK 10019
(212) 974-2400
FAX: (212) 974-2944

May 8, 2008

**BY FAX AND FEDEX**

Ivo Labar, Esq.
Kerr & Wagstaffe LLP
100 Spear Street, Suite 1800
San Francisco, California 94105

Re:    *Mosley v. Conte / Case No.* 08-cv-1777 (JSW)

Dear Mr. Labar:

As co-counsel for Plaintiff Shane D. Mosley, Sr. ("Mosley"), I write in an effort to agree upon a mutually convenient litigation schedule in light of the Court's May 6, 2008 Order Shortening Deadlines (the "Order"). My associate Jeremy Attie, Esq. will be available to discuss these issues during the remainder of this week and the beginning of next week.

While Mr. Attie will be taking the lead on discovery issues, I first wanted to provide you with my views in writing. Because the Order granted Plaintiff's administrative motion, and further shortened deadlines so to allow for the possibility of an expedited trial – all of which is in anticipation of Mr. Conte's September 2008 publication – we obviously need to proceed with discovery immediately. Thus, Plaintiff's proposed 26(f) discovery plan, which is geared toward an August 18, 2008 trial, is as follows:

**1.    Changes in the Timing, Form or Requirement for Disclosures Under Rule 26(a)(1):**

Plaintiff proposes to exchange initial disclosures and initial discovery requests by Wednesday, May 14, 2008.

**2.    The Subjects on Which Discovery May Be Needed, When Discovery Should Be Completed, and Whether Discovery Should Be Conducted in Phases:**

Plaintiff proposes a discovery cut off of July 15, 2008. Plaintiff believes that discovery should proceed on all allegations and defenses raised in the pleadings.

JUDD BURSTEIN, P.C.

Ivo Labar, Esq.
May 8, 2008
Page 2

**3.      Any Issues About Disclosure or Discovery of Electronically Stored Information, Including the Form or Forms in Which It Should be Produced:**

Plaintiff is unaware of any unusual issues concerning electronically stored information, which can be produced on CD-ROMs as long as the format is accessible by the party receiving the disclosure. Plaintiff reserves the right to employ computer forensics and to seek other relief under this section as becomes reasonably necessary as the case progresses.

**4.      Any Issues About Claims of Privilege or of Protection as Trial Preparation Materials, Including – If the Parties Agree on a Procedure to Assert These Claims After Production – Whether to Ask the Court to Include Their Agreement in an Order:**

Plaintiff does not believe that any changes need to be made to the requirements and limitations concerning these issues as provided by the Fed.R.Civ.P., the Local Rules, and applicable case law, but reserves the right to seek same if the need should arise.

**5.      Changes to the Limitations on Discovery Imposed By the Federal Rules of Civil Procedure:**

Plaintiff proposes that the parties mutually agree to shorten the time in which responses to discovery demands be due. Specifically, rather than the 30-day deadline to answer interrogatories and document requests provided by Fed.R.Civ.P. 33(b)(3) and 34(b), the parties should employ a 15-day deadline.

**6.      Any Other Orders That Should Be Entered By the Court Under Rule 26(c) or Under Rule 16(b) and (c):**

Plaintiff proposes that joinder of additional parties be accomplished by no later than May 30, 2008.

Plaintiff proposes that depositions of non-experts, if any, be completed by June 20, 2008. With respect to experts, Plaintiff proposes that expert reports, if any, be exchanged by June 30, 2008. Rebuttal expert reports responding to issues raised in the initial reports, if any, shall be exchanged by July 7, 2008. Expert depositions by July 11, 2008.

Plaintiff proposes that dispositive motions, if any, be filed no later than July 15, 2008.

If necessary, the parties shall file any joint pre-trial orders by July 25, 2008. Additionally, the parties shall file motions *in limine* by on or before 15 days prior the commencement of trial if such a date has been fixed, or by August 1, 2008, if no trial date has been fixed.

JUDD BURSTEIN, P. C.

Ivo Labar, Esq.
May 8, 2008
Page 3

Plaintiff proposes a full trial on the merits by August 18, 2008.

As far as an ADR process selection goes, we do not believe that any of the selections available will benefit this dispute, and propose that we file a Notice of need for an ADR Phone Conference in order to bypass ADR.

Lastly, we would like to depose Mr. Conte within two business days of receipt of his document production. In this regard, and pursuant to the Northern District of California Local Rule 30-1, please let us know what days and times you and Mr. Conte are available for his deposition, so that we can notice his deposition in accordance with the Rules.

We look forward to hearing from you soon.

Very truly yours,

Judd Burstein

cc:    Kim O. Dincel, Esq.

# EXHIBIT F

Judd Burstein

| From: | Judd Burstein |
|---|---|
| Sent: | Tuesday, May 20, 2008 1:31 PM |
| To: | 'Ivo Labar (labar@kerrwagstaffe.com)' |
| Cc: | Jeremy Attie; Peter B. Schalk; Alex Levy |
| Subject: | A little more |
| Attachments: | Judd Burstein.vcf |

Ivo—

I want to remind you that there is no bar to you subpoenaing witnesses whom you believe are relevant. You are also free to notice my client for a deposition. Since the Court's Order permitting discovery to go forward, you have not availed yourself of any discovery devices. That is of course your right, but, if our motion for an expedited trial is granted, you will have lost a month.

I also wanted to let you know that, given your position that a mid-August trial is not practical in terms of the 9/2 publication date of Mr. Conte's book, we will argue to the Court that this concern can be ameliorated by setting an earlier trial date. To that end, we can be ready to start trial as early as July 15, and will be available for up to two (and maybe three) depositions a day on any days you choose from now until the trial date.

**Judd Burstein**
Judd Burstein, P.C.

(212) 974-2400 Work
(917) 687-2981 Mobile
jburstein@burlaw.com
1790 Broadway
Suite 1501
New York, New York 10019
www.burlaw.com

ready for trial

1