1  Kim O. Dincel, Esq. (SBN 131563)
   Long & Levit LLP
2  465 California Street 5th Floor
   San Francisco, California 94104
3  Tel (415) 397-2222 Fax (415) 397-6392
   E-mail: kdincel@longlevit.com
4
   JUDD BURSTEIN, P.C.
5  Judd Burstein, Esq. (JB-9585; admitted *pro hac vice*)
   Jeremy M. Attie, Esq. (JA-0561; admitted *pro hac vice*)
6  1790 Broadway, Suite 1501
   New York, New York 10019
7  Tel (212) 974-2400 Fax (212) 974-2944
   E-mail: jburstein@burlaw.com
8  E-mail: jattie@burlaw.com

9  *Attorneys for Plaintiff,*
   SHANE D. MOSLEY, SR.
10
                  UNITED STATES DISTRICT COURT
11
          FOR THE NORTHERN DISTRICT OF CALIFORNIA
12
                    SAN FRANCISCO DIVISION
13

14  SHANE D. MOSLEY, SR.,                )    08-Civ-1777 (JSW)
                                         )
15            Plaintiff,                 )    PLAINTIFF'S MEMORANDUM OF POINTS
                                         )    AND AUTHORITIES IN FURTHER SUPPORT
16     vs.                               )    OF HIS MOTION FOR AN EXPEDITED
                                         )    TRIAL
17  VICTOR CONTE,                        )
                                         )    Date:        May 30, 2008
18            Defendant.                 )    Time:        1:30 p.m.
                                         )    Courtroom:   2, 17th Floor
19                                       )
                                         )    Hon. Jeffrey S. White
20                                       )
                                         )
21                                       )
                                         )
22                                       )
                                         )
23                                       )
                                         )
24  _____  )

25

26

27

28  MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR AN EXPEDITED
    TRIAL – CASE NO. C 08-Civ-1777 (JSW)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.    INTRODUCTION

Plaintiff Shane D. Mosley, Sr. ("Mosley" or "Plaintiff") respectfully submits this Memorandum of Points and Authorities in further support of his motion seeking an expedited trial on the merits with such other and further relief as this Court deems just and proper.

## II.   ARGUMENT

### A.    AN AUGUST TRIAL DATE WILL NOT PREJUDICE DEFENDANT

#### 1.    *Mosley, Not Conte, Bears the Heightened Burden of Proof*

Conte claims that an expedited trial will in some way prejudice his defense because this is a case involving a public figure plaintiff. However, Mosley's status as a public figure is a problem only for Mosley, and not Conte, because it is Mosley who, as a public figure, must prove actual malice by clear and convincing evidence. Hence, the fact that this is a public figure case makes it easier, not harder for Conte.

#### 2.    *The Trial Date Can Be Adjusted*

Conte contends that Plaintiff's proposed August 18, 2008 trial date is impractical, because the trial may not be finished prior to the publication date of his book. While we do not believe that this is a case that will take more than a week to try, the claimed problem is in any event easily solved by setting an earlier trial date. Plaintiff is prepared to go to trial as early as July 15 by double or triple tracking depositions if necessary. *See* the accompanying Declaration of Judd Burstein dated May 23, 2008 ("Burstein Decl.") at ¶¶ 15-17.

#### 3.    *Conte Cannot Manufacture Prejudice by Failing to Begin Discovery*

Conte lists extensive discovery that he supposedly intends to pursue. Yet, he has not lifted a finger to seek to secure such documents and information. Instead, Conte has done nothing in the hope that he can then contend that he needs more time before a trial. Any loss of time for discovery here is therefore a self-inflicted wound, as the Court's May 6, 2008 Order, explicitly authorized the parties "to serve discovery demands and proceed with discovery prior to the initial case management conference." *See* Exhibit D to the Burstein Decl., furthermore, all Exhibits referenced herein are annexed to the Burstein Decl.

MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR AN EXPEDITED TRIAL - CASE No. C 08-CIV-1777 (JSW)

1

4.      *Conte's Attempt to Predict (and Instigate) Non-Existent Discovery Disputes*

To forestall the adjudication of this matter, Conte raises a litany of ersatz discovery issues. Thus, Conte seeks to call "two dozen prospective witnesses" (Defendant's Opposition dated May 16, 2008 ("Def. Opp.") at pg. 3) even though Fed. R.Civ.P. 30(a)(2) permits only ten depositions per side without leave of Court. Further evidencing that this claim is a mere delay tactic is the fact that Conte has made no proffer as to the names of these witnesses, let alone why they need to be called. *Id.* In any event, even if the Court authorized all of these depositions, there is no reason why they could not be completed in the month of June given our availability on any and every day of Plaintiff's choosing. *See* Burstein Decl. at ¶ 15.

Conte also suggests that delay will be occasioned by his requests, *inter alia*, for (a) discovery from "Mosley's health care providers [and] former boxing trainers," including, but not limited to, "all of Mosley's medical and training records" (*id.* pg. 4); (b) the release of Mosley's testimony before the grand jury in the BALCO criminal investigation (*id.*); and (c) Mosley's banking records for the summer of 2003 (*id.* at pg. 5). Mosley does not intend to prevent Conte from seeking and securing such discovery. Rather, by the time that this motion is heard, Mosley will have provided Conte with (a) a list of all health care providers and HIPAA Authorizations for them for the period January 1, 2002 to present; and (b) a list of all former boxing trainers and, if available, their addresses. *See* Burstein Decl. at ¶¶ 22-23. Further, Mosley agrees to file a joint motion with Conte seeking release of their respective Grand Jury testimony. *See id.* at ¶ 24. Finally, Mosley is in the process of securing his banking records -- either from his accountant or through requests to his banks -- for the period of June 1, 2003 through September 30, 2003, and will promptly provide them. *See id.* at ¶ 25.

5.      *Conte's Need for More Time to Retain Experts*

Conte also claims that a prompt trial is not feasible, because he will need to secure expert testimony to "analyze Mosley's medical records for signs of drug use and to confirm that Mosley was in fact on the performance enhancing regimen that Mr. Conte has described." Def. Opp.at pg. 5. This argument is a red herring, as both the Complaint and Mosley's accompanying Declaration

1  concede that he did follow Conte's regimen. *See* the accompanying Declaration of Mosley dated

2  May 22, 2008 ("Mosely Decl.") at ¶¶ 4-7. Rather, the issue in this case is what Conte told Mosley

3  about this regimen.

### B.    ANTICIPATED MOTION PRACTICE IS NOT CAUSE FOR DELAY

5  Conte also argues against an expedited trial based upon a supposed need for extensive motion

6  practice. In the first instance, this argument borders on sharp practice given that Conte has not been

7  obligated to bring motions earlier in this case only because of courtesy extended to his counsel.

8  Thus, as he was served with the Complaint on April 10, 2008 (*see* Exhibit B), any motion to dismiss

9  from Conte was due on April 30. However, upon the request by Conte's counsel, Mosley stipulated

10  to a 30 day extension of the time to answer or move. Now, Conte is using that 30 day extension

11  granted to him as a reason why motions cannot be decided in time for an expedited trial. Worse still,

12  Conte makes this argument notwithstanding his explicit stipulation that the extension to answer or

13  move was granted "without prejudice to Plaintiff bringing a motion for an expedited trial...." *See*

14  Exhibit C.

15  We also note that there is no reason why motion practice and discovery cannot proceed on

16  a dual track. *See* Burstein Decl. at ¶ 19. That being said, we turn to the three motions which Conte

17  contends will make an expedited trial impossible.

18  **First**, Conte intends to file an "anti-SLAPP" motion pursuant Cal. C.C.P § 425.16. Even

19  though Conte could have brought this motion a month ago, and is waiting until May 30 to file it only

20  so as to delay progress in the case, we are prepared to file an answer to the motion on June 4 so that

21  it can be promptly decided. *See* Burstein Decl. at ¶ 19. In any event, though, the motion would be

22  frivolous and, likely, entitle Plaintiff to an award of fees pursuant to § 425.16(c). As this Court

23  explained in *Lutge v. Eskanos v. Adler, P.C.*, No. C 06-07128, 2007 WL 1521551, * 4 (N.D. Ca.

24  May 24, 2007), a § 425.16 motion must be denied where a "plaintiff has made a prima facie showing

25  of facts based on competent admissible evidence that would, if proved, support a judgment in the

26  plaintiff's favor." Here, the accompanying Declaration of Shane Mosley, which mirrors the

27  Declaration likely to be filed in response to Conte's motion, meets that test in that Mosley states

28

1   under oath that Conte (a) never advised him that he (Conte) was recommending illegal and/or banned

2   substances, and (b) actually affirmatively told him that everything he was recommending to Mosley

3   was legal. *See* Mosely Decl. at ¶¶ 4-7. If the jury credits testimony from Mosley consistent with this

4   Declaration, it will necessarily find that Conte's statements to the press about Mosley were false.

5   Further, if Mosley's testimony is credited, Mosley will have also met his burden, as a public figure,

6   to prove actual malice by clear and convincing evidence. This is so because the alleged defamatory

7   statement by Conte was made based upon Conte's supposed own knowledge. If his statements to

8   the press about what he personally told Mosley were false, Conte had to have known that the

9   statements were false because he was talking about his own conduct. *See DiBella v. Hopkins*, 285

10  F.Supp.2d 394, 403 (S.D.N.Y., 2003) ("By finding that Hopkins had fabricated this story, the jury

11  surely had a basis for concluding that Hopkins knew his statements were false. Hence, the jury's

12  finding of malice was supported by clear and convincing evidence.").

13       **Second**, Conte suggests that he may seek to move to dismiss for lack of diversity. To the

14  extent that Conte contends that he needs jurisdictional discovery with respect to such a motion, he

15  should not have waited to commence it. In any event, as the Mosley Decl. makes clear, Mosley is

16  plainly a citizen of Nevada. *See* Mosely Decl. at ¶¶ 8-16. We note that if Conte does move to

17  dismiss for lack of diversity, we will similarly respond to that motion by June 4 and, at that time, will

18  provide documentary support for Mosley's claim of Nevada citizenship. *See id.* and Burstein Decl.

19  at ¶ 19. Further, even if there were ultimately a dismissal, all discovery in this case could be used

20  in a State Court action.

21       **Third**, Conte argues that an expedited trial would interfere with his right to make a summary

22  judgment motion. This is not so, as we stand ready to answer such a motion on any schedule set by

23  the Court. *See* Burstein Decl. at ¶ 20. Perhaps more importantly, though, this is not a case where

24  summary judgment is remotely likely, as the case presents a classic credibility contest in which each

25  party is entitled to judgment so long as the jury believes him. *See Kaelin v. Globe Communications*

26  *Corp.*, 162 F.3d 1036, 1041 43 (9th Cir. 1998) ("If a plaintiff can come forward with clear and

27

28

1  convincing evidence from which a jury could find actual malice, he is entitled to a trial even if there

2  is conflicting evidence on the issue.").

3       **C.    A POST TRIAL PRIOR RESTRAINT IS NOT BARRED**

4       Conte argues unpersuasively that *Balboa Island Village Inn v. Lemen*, 40 Cal.4th 1141, 1155,

5  1160, 57 Cal.Rptr.3d 320, 331, 335 (Cal. 2007), would not permit a permanent injunction. We rely

6  upon our prior arguments on this issue, which have not been rebutted. We do note, however, that

7  Conte's discussion of *Balboa* fails to take appropriate notice of the fact that the case was decided

8  as a matter of both State and Federal Constitutional Law, and is therefore persuasive authority even

9  with respect to Conte's First Amendment defense. More to the point, though, is the fact that -- at

10  best -- the availability of a permanent injunction in a defamation case is an open issue as a matter

11  of First Amendment law which the Court --after hearing the facts may resolve in Mosley's favor.

12  Conte's argument therefore resolves into a meritless claim that Mosley should be barred from

13  seeking relief because, at the end of the case, the Court might not grant it.

14       **D.    MOSLEY'S DECISION TO MOVE FOR AN EXPEDITED TRIAL**

15       Conte argues that even if Mosley wins the expedited trial, Mosley will be unable to "prevent

16  the publication of the statements...." Def. Opp. pg. 8. That is a chance that Mosley is prepared to

17  take. Plainly, if Conte, as an author of a book, is restrained from publishing a defamatory statement,

18  he has the ability to excise the defamatory statement from his own work. Moreover, it is absurd to

19  conclude a publisher would be willing to open itself up to liability by publishing a book containing

20  a statement by the author who has been enjoined upon a final adjudication that it is defamatory.

21  Dated: New York, New York
        May 23, 2008

22                                          JUDD BURSTEIN, P.C.

23

24                                          By_____/S_____
                                                   Judd Burstein

25                                          LONG & LEVIT LLP
                                            Kim O. Dincel, Esq. (SBN 131563)

26

27                                          *Attorneys for Plaintiff Shane D. Mosley, Sr.*

28