1  JAMES M. WAGSTAFFE (95535)
   IVO LABAR (203492)
2  **KERR & WAGSTAFFE LLP**
   100 Spear Street, Suite 1800
3  San Francisco, CA 94105–1528
   Telephone: (415) 371-8500
4  Fax: (415) 371-0500

5  Attorneys for Defendant
   VICTOR CONTE
6

7

8                 **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10  SHANE D. MOSLEY, SR.,                | Case No. C 08-01777 JSW

11            Plaintiff,                 | **DECLARATION OF DERRYL HUDSON IN SUPPORT OF**
12       vs.                             | **DEFENDANT'S MOTION TO STRIKE COMPLAINT PURSUANT TO**
13  VICTOR CONTE,                        | **CALIFORNIA'S ANTI-SLAPP STATUTE [C.C.P. §425.16]**
14            Defendant.                 | **STRATEGIC LAWSUIT AGAINST PUBLIC PARTICIPATION ("SLAPP")**
15
16                                       | Hearing Date: August 22, 2008
17                                       | Time:  9:00 a.m.
                                         | Courtroom: 2
18                                       | HON. JEFFREY S. WHITE
19
20
21
22
23
24
25
26
27
28

KERR
&
WAGSTAFFE
LLP

C 08-01777 JSW                                    DECLARATION OF DERRYL HUDSON

## DECLARATION OF DERRYL HUDSON

I, DERRYL HUDSON, declare:

1.  I have personal knowledge of the facts stated in this Declaration and will provide competent testimony concerning the same if called as a witness to testify in this matter.

2.  I am a boxing trainer.  I do business under the name of Power N Speed.

3.  In 2003, I was one of the boxing trainers for Shane D. Mosley Sr., the plaintiff in this action.

4.  On or about July 26, 2003, I traveled with Shane Mosley to Burlingame, California to meet with Victor Conte at the office of the Bay Area Laboratory Co-operative ("BALCO").  Also present was James Valente, assistant to Mr. Conte.

5.  That day, I was present in the BALCO office with Mr. Mosley and Mr. Conte when Mr. Conte explained to Mr. Mosley the benefits and risks of using banned performance enhancing substances.

6.  Specifically, Mr. Conte explained to Mr. Mosley the benefits and risks of using drugs known as Erythropoietin ("EPO"), the Clear and the Cream in preparation for Mr. Mosley's title bout with Oscar De La Hoya.

7.  Mr. Conte instructed Mr. Mosley on how to administer the drugs to himself and prescribed a doping regimen for Mr. Mosley.

8.  Mr. Mosley injected himself with his first dose of EPO while at the BALCO office in full view of me, Mr. Conte and Mr. Valente.

9.  I know that Mr. Mosley was aware that the performance enhancing drugs provided to him by Mr. Conte were banned drugs because I discussed that fact with Mr. Mosley both during and after our visit to BALCO.  Mr. Mosley admitted to me that he knew the drugs provided to him by Mr. Conte were illegal performance enhancing drugs.

10.  It was entirely Mr. Mosley's decision to use the banned drugs.  I never recommended to Mr. Mosley that he take banned performance enhancing drugs, nor did I "push" drugs on him in any way.

1      I declare under penalty of perjury under the laws of the United States that the foregoing is

2  true and correct.

3      Executed on May 21, 2008 at Los Angeles, California.

4

5

6                                    s/ Derryl Hudson

7                                 DERRYL HUDSON

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28