JAMES M. WAGSTAFFE (95535)
IVO LABAR (203492)
**KERR & WAGSTAFFE LLP**
100 Spear Street, Suite 1800
San Francisco, CA 94105–1528
Telephone: (415) 371-8500
Fax: (415) 371-0500

Attorneys for Defendant
VICTOR CONTE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE D. MOSLEY, SR.,<br><br>    Plaintiff,<br><br>vs.<br><br>VICTOR CONTE,<br><br>    Defendant. | Case No. C 08-01777 JSW<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE COMPLAINT PURSUANT TO CALIFORNIA'S ANTI-SLAPP STATUTE [C.C.P. § 425.16] STRATEGIC LAWSUIT AGAINST PUBLIC PARTICIPATION ("SLAPP");**<br><br>Hearing Date: August 22, 2008<br>Time: 9:00 a.m.<br>Courtroom: 2<br><br>HON. JEFFREY S. WHITE |

# TABLE OF CONTENTS

*Page*

I. INTRODUCTION AND SUMMARY OF ARGUMENT ............................................. 1

II. ARGUMENT .................................................................................................................. 2

    A. Mosley Concedes That the First Prong of the Anti-SLAPP Statute is Met .......... 2

    B. Mosley Has Failed to Establish a Reasonable Probability that He Will Prevail on the Merits of His Defamation Claim ..................................................... 2

        1. Mosley's Declaration Is Not *Prima Facie* Evidence of the Falsity of Conte's Statements to the Press ............................................................. 2

        2. There Is No Evidence that Conte's Statements to the Press were Made with Actual Malice ........................................................................ 4

        3. Conte's Statements to the Press Were Opinion ....................................... 8

        4. Conte's Statements to the Press were Privileged .................................... 9

        5. The Alleged Defamatory Statements Are Substantially True................. 11

    C. Conte Is Entitled to Attorneys' Fees ................................................................... 12

III. CONCLUSION ............................................................................................................ 12



# TABLE OF AUTHORITIES

*Page*

## *Cases*

Bose Corp. v. Consumers Union of U.S.,
    466 U.S. 485 (1984) ........................................................................................................... 5

Brown v. Kelly Broadcasting Company,
    48 Cal. 3d 711 (1989) ..................................................................................................... 10

California Back Specialists Group v. Rand,
    160 Cal. App. 4th 1032 (2008) ....................................................................................... 12

Christian Research Institute v. Alnor,
    148 Cal. App. 4th 71 (2007) ......................................................................................... 1, 5

Copp v. Paxton,
    45 Cal. App. 4th 829 (1996) ........................................................................................ 5, 12

Emde v. San Joaquin County Central Labor Council,
    23 Cal. 2d 146 (1943). ..................................................................................................... 11

Fox Searchlight Pictures, Inc. v. Paladino,
    89 Cal. App. 4th 294 (2001) ............................................................................................. 3

Haynes v. Alfred A. Knopf,
    8 F.3d 1222 (7th Cir. 1993) ............................................................................................. 11

Herbert v. Lando,
    441 U.S. 153 (1979) .......................................................................................................... 4

Institute of Athletic Motivation v. University of Ilinois,
    114 Cal. App. 3d 1 (1981) ............................................................................................... 10

Masson v. New Yorker Magazine, Inc.,
    501 U.S. 496 (1991) ........................................................................................................ 11

Milkovich v. Lorain Journal Co.,
    497 U.S. 1 (1990) .............................................................................................................. 9

Moyer v. Amador Valley Joint Union High School,
    225 Cal. App. 3d 720 (1990) ............................................................................................ 8

Naantaanbu v. Abernathy,
    816 F. Supp. 218 (S.D.N.Y. 1993) ................................................................................ 7, 8

New York Times Co. v. Sullivan,
    376 U.S. 254 (1964) .......................................................................................................... 5

Newton v. National Broadcasting Co.,
    930 F.2d 662 (9th Cir. 1990), *cert. denied*, 502 U.S. 866 (1991) .................................... 5

Overstock.com, Inc, v. Gradient Analytics, Inc.,
    151 Cal. App. 4th 688 (2007) ........................................................................................... 6

Saenz v. Playboy Enterprises,
    841 F.2d 1309 (7th Cir. 1988) ............................................................................... 1, 9

Sagan v. Apple Computer,
    874 F. Supp. 1072 (C.D. Cal. 1994) ......................................................................... 8

Sanborn v. Chronicle Pub. Co.,
    18 Cal. 3d 406 (1976) ............................................................................................... 9

***Statutes***

Cal. Civ. Code § 47 .................................................................................................. 1, 8, 9, 10

Cal. Code Civ. Proc. § 425.16 ............................................................................................ 2, 12

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Mosley's opposition is premised on the notion that the Court is prevented from granting Conte's motion because Mosley and Conte have differing recollections regarding the events at a single meeting that occurred more than five years ago during which Mosley admittedly used illegal performance enhancing drugs. That premise is wrong. Mosley's declaration falls far short of providing the evidence needed to support the defamation claims he has pled against Conte. Given that Mosley's declaration is the *only* evidence that Mosley has offered to establish a "reasonable probability" of prevailing on the merits of his claims for defamation, Defendant's motion to strike should be granted.

Mosley's declaration is not evidence that Conte's challenged statements to the press are provably false. For example, Mosley offers no evidence to refute Conte's assertion that he "watched [Mosley] inject [himself]" with illegal drugs. Because Mosley does not, and cannot prove that Conte's challenged statements are false, he does not have a "reasonable probability" of prevailing on his defamation claim.

Similarly, there is no evidence of actual malice. Mosley has merely produced evidence that he has a different memory of his meeting with Conte in 2003. That is not "clear and convincing" evidence that Conte was fabricating his statement to reporters in 2008 that Mosley "knew exactly what he was doing" when he was injecting steroids in front of Conte. Christian Research Institute v. Alnor, 148 Cal. App. 4th 71, 84-85 (2007).

Mosley's claims also fail because Conte's statements can only be construed as protected opinion, and not as factual assertions. Conte's statement regarding Mosley's knowledge of his drug use is not a statement that can be proven true or false because what Mosley "knew" in 2003 is entirely within Mosley's state of mind. Saenz v. Playboy Enterprises, 841 F.2d 1309, 1318 n. 3 (7th Cir. 1988).

In addition, Mosley has not demonstrated a reasonable probability of prevailing on his claims because Conte's challenged statements to the press fall squarely within the common interest privilege set forth in California Civil Code section 47(c). Cal. Civ. Code § 47(c). Finally, Conte's statements regarding Mosley are "substantially true." The gist, or sting, of

---

CASE NO. C 08-01777 JSW     REPLY IN SUPPORT OF MOTION TO STRIKE COMPLAINT

1

Conte's statements is that Mosley is a drug user who violated the rules of his sport. Mosley is an admitted drug user. It simply does not matter whether he did it knowingly or not. As explained in detail below, Conte's motion should be granted.

## II. ARGUMENT

### A. MOSLEY CONCEDES THAT THE FIRST PRONG OF THE ANTI-SLAPP STATUTE IS MET

Mosley admits that Conte's statements to the press were made in a public forum and that the statements were made "in connection with an issue of public interest." Cal. Code Civ. Proc. § 425.16(e)(3)-(4). Accordingly, Mosley concedes that the first prong of the anti-SLAPP statute is met. In light of this admission, the burden shifts to Mosley to establish a probability of prevailing on the merits of his underlying claim. Cal. Code Civ. Proc. § 425.16(b)(l).

### B. MOSLEY HAS FAILED TO ESTABLISH A REASONABLE PROBABILITY THAT HE WILL PREVAIL ON THE MERITS OF HIS DEFAMATION CLAIM

#### 1. Mosley's Declaration Is Not *Prima Facie* Evidence of the Falsity of Conte's Statements to the Press

Mosley's declaration does not provide evidence that the statements Conte made *to the press* about Mosley's drug use are false. Mosley wants the Court to read his declaration as conflicting with Conte's. However, this motion is not resolved by determining whether or not Mosley's recollection could be read to conflict in certain respects with Conte's (or for that matter Hudson's). Rather, this motion must be granted unless Mosley's declaration provides evidence that the three very specific statements in the complaint are provably false. Those three statements are:

- Conte "watched [Mosley] inject [himself] in front of me;"
- Mosley "knew precisely what [he was] using;"
- "[I]t was all explained up front and there was no deception."

(*Complaint ¶¶ 12, 24, 34.*)

These are the only defamatory statements that Conte is accused of making. Mosley's declaration, however, is not evidence that any of the three specific public statements alleged in the complaint are false, let alone were made with actual malice.

1    Mosley's declaration is more noteworthy for what it does not say rather than for what it
2  does say.  Critically, ***Mosley does not deny Conte's purported defamatory statement that he***
3  ***injected himself with the Clear and EPO in front of Conte.***  Mosley also does not deny that
4  some of the drugs he injected himself with were contained in a bottle labeled "Procrit brand
5  EPO," as Conte states in his declaration (*Conte Decl. ¶ 6*).  Mosley has offered no evidence
6  impugning Conte statement's that he "watched [Mosley] inject [himself] . . ." (*Complaint ¶ 12*).

7    Mosley's silence on this issue is in stark contrast to Conte's, who has unequivocally
8  testified that he witnessed Mosley inject illegal drugs.  (*Declaration of Victor Conte, ¶ 7; ("Mr.*
9  *Mosley injected his first doses of EPO that day in presence of me, Mr. Hudson, and Jim Valente;*
10 *¶ 8 "Mosley then administered his first dose of the The Clear under his tongue with a needleless*
11 *syringe"*).  Accordingly, there is no evidence that Conte's statement that he watched Mosley
12 "inject himself" is false.  It is extremely telling that Mosley did not deny "shooting up" in front
13 of Conte, Valente and Hudson.  Given that there is no dispute that Mosley "injected himself" in
14 front of Conte, Conte's motion to strike must be granted as to this allegation.  <u>Fox Searchlight</u>
15 <u>Pictures, Inc. v. Paladino</u>, 89 Cal. App. 4th 294, 308 (2001) (court has discretion to strike
16 portions of causes of action).

17    Similarly, Mosley's declaration does not actually refute Conte's other alleged statements
18 that Mosley "knew precisely what [he was] using" and "[i]t was all explained up front and there
19 was no deception."  Mosley's declaration does not deny that Conte told him he was being
20 provided with EPO, The Clear, and The Cream.  Mosley admits to purchasing these illegal
21 products from Conte.  (*Mosley Decl ¶ 12*).  Mosley does not deny that Conte told him "[T]he
22 Clear was an undetectable anabolic steroid." (*Conte Decl. ¶ 5*).  Mosley does not deny Conte
23 told him that The Cream was "primarily to be used as a masking agent." (*Id.*).  Mosley does not
24 deny that he injected himself with The Clear with a needleless syringe. (*Id. ¶ 8*).  Mosley does
25 not deny that he injected himself with drugs from a bottle labeled "Procrit EPO." (*Id. ¶ 6*).
26 Instead, Mosley's declaration merely asserts that Conte told him at the meeting in 2003 that the
27 drugs were "legal and healthy." (*Mosley Decl. ¶ 10*).  That, however, is not evidence that
28 Conte's challenged statements to the press in 2008 are provably false.  Conte is not accused of

1  telling the press that he told Mosley in 2003 that the drugs were illegal and unhealthy. Conte is
2  accused of making the alleged false statements Mosley "knew precisely what he was using."
3  There is no evidence that Mosley did not know "precisely what he was doing," even if Conte told
4  him that the drugs were legal and healthy.
5      Taking Mosley's declaration at its word, it is entirely consistent that Conte could have
6  told Mosley that the drugs were legal and that Conte believed that Mosley "knew exactly what he
7  was doing." Indeed, the undisputed evidence is that Mosley did know what he was doing: (1)
8  Mosley made a surreptitious visit to BALCO (*Mosley Decl. ¶ 5*); (2) Mosley injected himself
9  with The Clear with a needleless syringe and injected himself with drugs from a vial labeled
10 "Procrit EPO" (*Conte Decl. ¶¶ 6-7*); (3) Mosley paid for the drugs partially in cash to avoid
11 detection (*Mosley ¶ 12; Conte ¶ 11*); and (4) Mosley had the drugs shipped to his trainer via
12 FedEx because he knew carrying the drugs on a commercial airplane could lead to him getting
13 caught. (*Id.*). All of these facts, which Mosley does not deny, led Conte to believe that Mosley
14 "knew" that he was taking The Clear, The Cream, and EPO. In the face of Mosley's admissions,
15 whether Conte told Mosley that the drugs were "legal and healthy" has little relevance to Conte's
16 challenged statement that Mosley "knew precisely what he was doing."

### 2. There Is No Evidence that Conte's Statements to the Press were Made with Actual Malice

19  There is no evidence that the alleged defamatory statements that Conte made to the press
20 in 2008 were made with actual malice. Contrary to Mosley's unsupported assertion, it does not
21 follow that if a jury chooses to believe Mosley's version of the 2003 BALCO meeting (and
22 disbelieve the recollections of Conte and Hudson), then a jury must find that the statements that
23 Conte made to press in 2008, more than five years after the events in question, were made with
24 actual malice.
25    Mosley's *ipse dixit* argument ignores the high showing that a plaintiff must make in order
26 to make a *prima facie* showing of actual malice. Actual malice is a *subjective* standard. Herbert
27 v. Lando, 441 U.S. 153, 170 (1979). The plaintiff must show that the defendant made the
28 challenged statement either "with knowledge that it was false or with reckless disregard of

1  whether it was false or not." New York Times Co. v. Sullivan, 376 U.S. 254, 280 (1964).  The
2  existence of actual malice is measured at the time the defamatory statement is made.  Id. at 286.
3  The test is not what the defendant should have foreseen but what the defendant subjectively
4  believed.  Newton v. National Broadcasting Co., 930 F.2d 662, 680 (9th Cir. 1990), *cert. denied*,
5  502 U.S. 866 (1991).   Actual malice must be shown by clear and convincing evidence.  Copp v.
6  Paxton, 45 Cal. App. 4th 829, 846 (1996) (citation omitted).  The clear and convincing standard
7  "requires a finding of *high probability.*  The evidence must be so clear as to leave no substantial
8  doubt.  It must be sufficiently strong to command the *unhesitating assent of every reasonable*
9  *mind.*"  Id. (emphasis added).  In making the "actual malice" inquiry, the court *is not* bound to
10 view the evidence in the light most favorable to the defendant.  Christian Research Institute v.
11 Alnor, 148 Cal. App. 4th 71, 84-85 (2007).  Instead, the Court must make an independent review
12 of the evidence.[1]  Id.

13     Mosley's argument that malice may be inferred when "a story is fabricated by the
14 defendant," begs the question.  Here, there is no evidence that Conte's challenged 2008
15 statements to the press were fabricated.   Mosley's declaration does not provide clear and
16 convincing evidence that Conte was "fabricating" his 2008 statements to the press regarding
17 Mosley's knowledge of his drug use.

18     Even if that inference could be drawn from Mosley's declaration, the Court is not bound
19 to accept the inferences that arise from Mosley's declaration in his favor.  Alnor, 148 Cal. App.
20 4th at 87.  Mosley ignores Alnor's instruction that even if evidence creates an inference of
21 fabrication, that inference must be "sufficiently strong to command the unhesitating assent of
22 every reasonable mind."  Id. at 86.  Here, Mosley's different recollection of events hardly

---

[1]  Mosley misleadingly cites to a portion of the Alnor decision in which the court states that it must consider evidence in a light most favorable to the plaintiff.  (*Opp. at 9*).  That portion of the Alnor decision, however, is discussing the standard applicable to determining whether falsity has been shown, not actual malice.  Alnor, 148 Cal. App. 4th at 84.  Alnor makes it painstakingly clear that, in keeping with the U.S. Supreme Court's decision in Bose Corp. v. Consumers Union of U.S., 466 U.S. 485, 511 (1984), "a reviewing court is not bound to consider the evidence of actual malice in the light most favorable to respondents . . ."  Alnor, 148 Cal. App. 4th at 85 (citation omitted).

commands the "unhesitating assent" of "every reasonable mind" that Conte fabricated his 2008 comments, particularly in light of Mosley's admissions regarding his drug use.

Mosley's citation to <u>Overstock.com, Inc, v. Gradient Analytics, Inc.</u>, 151 Cal. App. 4th 688, 699 (2007) for the proposition that a "declaration" can demonstrate actual malice is irrelevant. In <u>Overstock</u>, the defendant, Gradient, issued a scathing report regarding the financial health of Overstock, a public company. Overstock sued for defamation and alleged that third parties paid Gradient to provide false, negative reports of public companies like Overstock in order to profit from the resulting swings in the stock price of the company. Gradient responded to the complaint with an anti-SLAPP motion. In opposition to the anti-SLAPP motion, the plaintiff submitted a number of declarations, including a declaration from Overstock's president and a declaration from a former employee of the defendant. The declaration from Overstock's president asserted that defamatory statements were "provably false." <u>Id</u>. at 698. The declaration from Gradient's former employee stated, in essence, that Gradient's frequently created false negative reports in order to satisfy the demands of its clients, regardless of the truth of the reports. <u>Id</u>. at 709, 710. The former employee stated "The special reports were not the product of an unbiased view of the target companies. Instead, the customer paid for a report that would heavily favor its negative view of the target. Nonetheless, Gradient advertised its reports as independent and objective." <u>Id</u>. In short, the former employee's declaration provided substantial evidence that Gradient knew that it was intentionally providing false information. Critically, the <u>Overstock</u> court based its finding of a *prima facie* showing of actual malice on the declaration of the former employee of the defendant, not the declaration of Overstock's president's assertion that Gradient's statements were "provably false." In other words, the dispositive question is not whether a declaration was submitted, but rather what the declaration actually says.

Here, Mosley has merely provided evidence that partially controverts Conte and Hudson's recollections of their meeting at BALCO. Mosley's declaration is not evidence of Conte's subjective mental state at the time he made the alleged defamatory statements to the press. It is not evidence that Conte was making knowingly false statements when he responded to the inquiries from the press regarding Mosley's drug use. There is no evidence that Conte's

1  alleged defamatory statements, namely, Conte "watched [Mosley] inject [himself] in front of
2  me;" Mosley "knew precisely what [he was] using;" and "it was all explained up front and there
3  was no deception," were fabricated, nor that Conte did not believe them to be true when he made
4  the statements to the press in 2008.

5  This case is more akin to the situation in Naantaanbu v. Abernathy, 816 F. Supp. 218,
6  229-30 (S.D.N.Y. 1993). Abernathy was decided under New York law which required a private
7  figure plaintiff to show that the defendant was "grossly irresponsible" in making the alleged
8  defamatory statement. Id. at 229. In order to make this showing, the Abernathy plaintiff relied
9  on her own declaration and that of her sister, which contradicted the defendant's version of event
10 of the night in question from which the defamatory statements arose. The Abernathy court found
11 that a plaintiff cannot meet their burden of showing that the defendant acted with a particular
12 state of mind simply by offering evidence providing a conflicting version of events:

> Naantaanbuu has not provided sufficient information to demonstrate the possibility that Abernathy acted with some degree of culpable conduct, if in fact his version of events is false . . . The fact of the story's falsity is not material, however, because Naantaanbuu has not come forward with any evidence showing fault on Abernathy's part. **She has produced no evidence that this court may properly consider on a summary judgment motion that Abernathy told anyone else a different account that night, or published this account of events with the realization that his recollection was faulty.** Such evidence is required where the applicable standard, gross irresponsibility, calls for a showing of fault.

20 Id. (emphasis added).

21 Here, as in Abernathy, Mosley must make a showing of fault. More specifically, he is
22 required to show the highest standard of fault that a plaintiff in a civil case can be made to show:
23 clear and convincing evidence of actual malice. Here, as in Abernathy, there is no evidence that
24 Conte's statements to the press, that Mosley injected himself with drugs and that he knew
25 precisely what he was doing, were knowingly false when Conte made them or that Conte made
26 the statements with the realization that his recollection was faulty. Conte has only made
27 consistent statements regarding Mosley's knowing drug use. There is no evidence that Conte
28 published his version of events with the knowledge that his recollection is faulty or that he

fabricated the story. Accordingly, as in <u>Abernathy</u>, the plaintiff has failed to meet his burden of proof here because there is no evidence of actual malice.

### 3. Conte's Statements to the Press Were Opinion

In an acknowledgement that Conte's statements to the press are opinions rather than statements of fact, Mosley tries to shift the argument by pointing to factual assertions in Conte's declaration to the court. (*Opp. at 11:* "Quite simply, when reviewed in full context, **and when read in conjunction with Conte's Decl**., Conte's supposed mere opinion is unquestionably based on his factual assertion that "there is no question that I informed Mr. Mosley that he was taking the three banned performance enhancing drugs.").

Conte is not being sued based on the factual assertions in his declaration. The statements in his declaration are absolutely privileged by litigation privilege found in California Civil Code section 47(b)(2). Civ. Code § 47(b)(2) ("A privileged publication or broadcast is one made . . . in any . . . judicial proceeding."). Thus, the Court should not consider any argument that the court must read the defamatory statements at issue in conjunction with other factual statements that Conte has made related to this motion to dismiss.

The statements at issue here are not the fact of whether Mosley used illegal drugs. Mosley has admitted to purchasing and using the drugs at issue. There is no dispute on that point. Instead, as explained above, Conte is being sued for three specific statements made to the press. The first statement, that Conte "watched [Mosley] inject [himself] in front of me;" is arguably a statement of fact. However, Mosley has not provided any evidence that this statement is false. The other two allegedly defamatory statements, that Mosley "knew precisely what [he was] using;" and "[i]t was all explained up front and there was no deception," are protected opinions under the "totality of circumstances" test used in California law. <u>Moyer v. Amador Valley Joint Union High School</u>, 225 Cal. App. 3d 720, 725 (1990) *cited with approval in* <u>Sagan v. Apple Computer</u>, 874 F. Supp. 1072, 1075 (C.D. Cal. 1994). Under the "totality of circumstances" test, the court engages in "a review of the meaning of the language in context and its susceptibility to being proved true or false." <u>Moyer</u>, 225 Cal. App. 3d at 725.

1   Here, it is not possible to prove as true or false whether Mosley "knew," at the time he
2   was taking The Clear, The Cream and EPO, that the drugs were illegal. Contrary to Mosley's
3   argument, the possibilities here are not constrained by whether or not Conte told Mosley that the
4   drugs were illegal. It is equally possible that Conte told Mosley that he was taking illegal drugs
5   and that Mosley did not understand, or chose not to understand, that he was taking illegal drugs.
6   Mosley's declaration does not refute key portions of what Conte told Mosley. While it is clearly
7   Conte's opinion that Mosley knew that he was taking illegal drugs, that does not mean that
8   Mosley actually knew, nor does it mean that Conte can prove Mosley's knowledge.

9   Mosley's efforts to distinguish the cases relied on by Conte are irrelevant because Mosley
10  does not dispute the holdings of those cases, namely, that opinions are not actionable. In
11  particular, Mosley's effort to distinguish Saenz v. Playboy Enterprises, 841 F.2d 1309, 1318 n. 3
12  (7th Cir. 1988), fails. It is of no consequence that Saenz was decided under New Mexico law or
13  that it was decided before Milkovich v. Lorain Journal Co., 497 U.S. 1 (1990). The court in
14  Saenz plainly found that statements about someone else's knowledge are protected inferences or
15  opinions and therefore not actionable. Here, Conte's challenged statements are clearly protected
16  opinions based on what he believed Mosley's knowledge to be. What Mosley "knew" is not a
17  statement that can be proven true or false.

18  **4.    Conte's Statements to the Press were Privileged**

19  Mosley argues that privilege found in section 47(c) does not apply to Conte because
20  Mosley has demonstrated evidence of actual malice and section 47(c) does not apply to members
21  of the news media. Both of these arguments fail.

22  First, for the purposes of section 47(c), malice is shown by evidence of hatred or ill will
23  towards the plaintiff or by a showing that the defendant lacked reasonable grounds for belief in
24  the truth of the publication. Sanborn v. Chronicle Pub. Co., 18 Cal. 3d 406, 413 (1976). As
25  shown above, Mosley has no admissible evidence of malice. Thus, the conditional nature of the
26  section 47(c) privilege is not at issue here because Mosley has not demonstrated any evidence
27  that would support a finding of malice.

28

1    Next, the section 47(c) privilege clearly applies to the facts at bar, regardless of whether
2    or not the news media can avail itself of the privilege.  Section 47(c) provides a privilege for a
3    communication to a recipient with a qualifying interest in the communication by a transmitter
4    either, first, who also has a qualifying interest in the communication (section 47(c)(1)) or,
5    second, who is related to the recipient so as to have a reason to make an "innocent"
6    communication (section 47(c)(2)) or, third, whom the recipient asked for the information (section
7    47(c)(3)).  Cal. Civ. Proc. § 47(c).  The last factor plainly applies here because the recipient, the
8    reporters to whom Conte spoke, asked for the information from Conte in response to Mosley's
9    claims that Conte deceived him.  As Conte explains in his declaration, "I was approached by
10   journalists from the New York Daily News, USA Today, and Sports Illustrated and asked to
11   respond to Mr. Mosley's false public comments that I had deceived him about the nature of the
12   performance enhancing drugs."  (*Conte Decl. ¶ 14*).  Since Conte provided information to
13   reporters with whom he shared a common interest, namely, the on-going steroids sports scandal,
14   section 47(c) applies.  Institute of Athletic Motivation v. University of Ilinois, 114 Cal App. 3d
15   1, 10-11 (1981) (common interest privilege applies where alleged defamation involves a well-
16   known person in a certain interest group).

17   Contrary to Mosley's assertion, Brown v. Kelly Broadcasting Company, 48 Cal. 3d 711
18   (1989) does not prevent the application of section 47(c) to this case.  In Brown, the California
19   Supreme Court held that a publication or broadcast by a member of the news media to the
20   general public regarding a private person is not privileged under Civil Code section 47(c)
21   regardless of whether the communication concerns a matter of public interest.  Brown stands for
22   the proposition that section 47(c) does not provide a blanket public-interest privilege for the *news
23   media*.  That is not the issue here.  The question is not whether Sports Illustrated has a section
24   47(c) privilege for republishing what Conte told its reporter, but rather whether Conte's
25   statements to the reporter were privileged.  The answer to that question is clearly yes.  The
26   privilege attaches to Conte's statements, not the republication of the statements by the press.

### 5.     The Alleged Defamatory Statements Are Substantially True

Mosley asserts that his declaration creates an issue of fact as to whether Conte's version of the 2003 meeting is true. Mosley is mistaken. The issue is not whether Mosley's recollection of his meeting with Conte controverts Conte's recollection. Rather it is whether Conte's statements regarding Mosley's drug use are substantially true. A "statement is not considered false unless it 'would have a different effect on the mind of the reader from that which the ... truth would have produced.'" Masson v. New Yorker Magazine, Inc., 501 U.S. 496, 516-17 (1991).

Under California law, a defendant need not prove the literal truth of the allegedly defamatory accusation,[2] "so long as the imputation is substantially true so as to justify the 'gist' or 'sting' of the remark." Emde v. San Joaquin County Central Labor Council, 23 Cal.2d 146, 160 (1943). "The rule of substantial truth is based on a recognition that falsehoods which do incremental damage to the plaintiff's reputation do not injure the only interest that the law of defamation protects." Haynes v. Alfred A. Knopf, 8 F.3d 1222, 1228 (7th Cir. 1993). Here, the "imputation" of Conte's statements is that Mosley is a drug user. That is in fact a true statement. Mosley does not deny taking illegal performance enhancing drugs before his bout with Oscar De La Hoya. Mosley admits that Conte provided him with EPO, The Clear, and The Cream. In fact, Mosley admits to purchasing these illegal products from Conte. (*Mosley Decl ¶ 12*). Mosley does not deny that he injected himself with The Clear with a needleless syringe. (*Conte Decl. ¶ 8*). Mosley does not deny that he injected himself with drugs from a bottle labeled "Procrit EPO." (*Id. ¶ 6*). Mosley merely denies that he knew what he was doing at the time he was doing it. Even if one takes that incredible assertion at face value, the alleged statements that Conte made regarding Mosley's drug use, do not provide a "different effect" on the mind of the reader. Simply put, the sting of Conte's comments is that Mosley is a drug user who broke the rules of his sport, not that he is an unwitting drug user. Given that Mosley admits to being a drug

---

[2]     Here, Mosley has proven the literal truth of the alleged defamatory statement that Mosley "injected himself" in Conte's presence.

11
CASE NO. C 08-01777 JSW                                        REPLY IN SUPPORT OF MOTION TO STRIKE COMPLAINT


user, he cannot be heard to argue that Conte's statements regarding him are not substantially true.

### C. CONTE IS ENTITLED TO ATTORNEYS' FEES

Because this motion is well-taken, Conte is entitled to fees and expenses. The "prevailing defendant" on a motion to strike "shall be entitled" to recover his attorneys' fees and costs. Cal. Code Civ. Proc. § 425.16(c).

Mosley's argument that he is entitled to fees has no merit. Even if Conte's motion is denied, a prevailing plaintiff is only entitled to fees where the anti-SLAPP motion is clearly frivolous or designed to delay. California Back Specialists Group v. Rand, 160 Cal. App. 4th 1032, 1038 (2008). This motion is plainly not frivolous, especially in light of the fact that Mosley concedes the first prong of section 425.16(e) is met and Mosley's utter failure to produce evidence of actual malice, let alone clear and convincing evidence that is sufficiently strong to command the "*unhesitating assent of every reasonable mind*." Copp, 45 Cal. App. 4th at 846 (citation omitted).

## III. CONCLUSION

For the reasons explained above, Defendant Victor Conte respectfully requests that the Court GRANT his motion to strike Mosley's complaint pursuant to California Code of Civil Procedure section 425.16.

DATED: June 30, 2008                         Respectfully submitted,

                                                           **KERR & WAGSTAFFE LLP**

                                                           By _____s/James M. Wagstaffe_____
                                                               JAMES WAGSTAFFE

                                                               Attorneys for Defendant
                                                               Victor Conte