JAMES M. WAGSTAFFE (95535)
IVO LABAR (203492)
**KERR & WAGSTAFFE LLP**
100 Spear Street, Suite 1800
San Francisco, CA 94105–1528
Telephone: (415) 371-8500
Fax: (415) 371-0500

Attorneys for Defendant
VICTOR CONTE

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHANE D. MOSLEY, SR.,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>VICTOR CONTE,<br><br>　　　　Defendant. | Case No. C 08-01777 JSW<br><br>**DECLARATION OF JAMES M. WAGSTAFFE IN SUPPORT OF DEFENDANT VICTOR CONTE'S MOTION FOR SANCTIONS AND ATTORNEYS' FEES (C.C.P. § 425.16(c))**<br><br>Hearing Date: December 24, 2008<br>Time: 9:00 a.m.<br>Courtroom: 2<br><br>HON. JEFFREY S. WHITE |

I, James M. Wagstaffe, hereby declare:

1. I am an attorney licensed to practice before all courts in the State of California, and am a partner of the law firm of Kerr & Wagstaffe LLP, attorneys of record for Defendant Victor Conte ("Conte") in this action. I have personal knowledge of the facts stated herein, and, if called as a witness, could and would competently testify to them under oath.

2. In April 2008, Victor Conte hired Kerr & Wagstaffe LLP to defend a defamation suit brought against him by plaintiff Shane Mosley. In addition to the normal research and analysis that needed to be conducted to defend the matter (including preparing a motion to dismiss, we, on behalf of Mr. Conte, had to oppose Plaintiff's motion to shorten the administrative deadlines as well as the motion to expedite the trial, which was ultimately denied. The motion to permit early discovery, however, was granted. This led to additional work related to drafting and responding to written discovery, scheduling depositions, responding to subpoenas, and other matters.

3. Our firm has worked previously for Mr. Conte. As a result, our firm is familiar with the facts that underlie the plaintiff's complaint, in particular the media attention and litigation surrounding the BALCO proceedings. As a result, we were able to address this case in an efficient and economical fashion.

4. In order to increase efficiency and to control the costs in going forward with the defense of this case, I assigned primary responsibility for coordinating the various tasks to Ivo Labar, who previously worked on matters involving Mr. Conte. Mr. Labar is a partner with our firm and handles trial and appellate litigation, emphasizing media, employment and constitutional law. Mr. Labar graduated with honors from the California Maritime Academy in 1994 with a B.S. in Marine Transportation and a Third Mate's license. He served as a deck officer in the United States Merchant Marine and a reserve officer in the U.S. Coast Guard. He received a J.D. with honors from the University of California Hastings College of the Law in 1999. Following law school, he served as a law clerk to the Honorable Charles A. Legge, United States District Court for the Northern District of California. He is also a contributing editor to the Rutter Group's practice guide Federal Civil Procedure Before Trial and regularly speaks at

– 1 –

– 2 –

presentations regarding new developments in Federal Civil Procedure, including class action practice. His hourly rate is $375. These hourly rates are at or even below the reasonable market value for such services in the San Francisco community.

5. I also worked on this matter, largely in the capacity of case supervisor and reviewer of documents. I received an A.B. Degree from Stanford University in 1977 and my J.D. Degree from the University of California Hastings College of the Law in 1980. From 1980 through 1982 I served as a law clerk to the Honorable Spencer Williams, United States District Judge for the Northern District of California. From 1982 through 1986 and again from 1990 through 1999 I worked as an associate and later partner at the law firm of Cooper, White & Cooper in San Francisco. From 1986 through 1990 I was a partner at the law firm of Kaus, Kerr & Wagstaffe, and from 1999 to the present I have been a partner in the firm of Kerr & Wagstaffe LLP. Throughout my professional career, I have specialized, in part, in working on First Amendment and other constitutional cases. I have represented newspapers, magazines, television stations and other media defendants in defamation suits for over twenty years. I have worked on numerous Special Motions to Strike under California's anti-SLAPP statute. I was the primary attorney at both the trial and appellate level in the case of <u>Lafayette Morehouse v. San Francisco Chronicle</u>. I have tried several libel suits and have been a teacher in Journalism Law at San Francisco State University for over ten years. I am the co-author of the Rutter Group's Federal Civil Procedure Before Trial 3-volume work. My hourly rate in this matter is $495 per hour. My hourly rate is at or even below the reasonable market value for such services in the San Francisco community.

6. The following chart summarizes Defendant's total lodestar amount of fees incurred in defending this action:

| **Attorney/Staff** | **Hours** | **Rate** | **Lodestar** |
|---|---|---|---|
| James M. Wagstaffe | 20.30 | 495.00 | $10,048.50 |
| Ivo Labar | 153.70 | 375.00 | $57,637.50 |
| Holly Hogan | 22.00 | 235.00 | $5,170.00 |
| Garfield Pallister (Paralegal) | 11.70 | 130.00 | $1,521.00 |
| Sarah Smoot | 11.20 | 110.00 | $1,232.00 |

C CASE NO. C 08-01777 JSW          DECLARATION OF JAMES WAGSTAFFE IN SUPPORT OF MOTION FOR SANCTIONS AND ATTORNEYS' FEES

| | | | |
|---|---|---|---|
| (Paralegal) | | | |
| Michael McCarthy (Case Clerk) | .90 | 50.00 | $45.00 |

Total Fees:    $75,654.00

7. Defendant respectfully requests that the Court award this amount pursuant to the Court's inherent authority.

## FEES RELATED TO ANTI-SLAPP MOTION

8. In addition to taking the actions described above, upon receipt of the pleadings and an analysis thereof, we promptly began analyzing a case strategy based on filing a Special Motion to Strike under California's anti-SLAPP statute, Code of Civil Procedure §425.16. In the course of performing our work on the anti-SLAPP motion for the Defendant in this case, we provided an initial evaluation of the matter, processed certain documents, readied for the anti-SLAPP motion, researched the various legal issues raised by the motion, drafted the opening brief, reviewed the opposition brief, and drafted the reply brief. In addition, we drafted the motion for attorney's fees and anticipate reviewing an opposition, filing a reply brief and appearing at the oral argument.

The billing records attached hereto as Exhibit A reflect the following reasonable time incurred:

| **Attorney/Staff** | **Hours** | **Rate** | **Lodestar** |
|---|---|---|---|
| James M. Wagstaffe | 10.60 | 495.00 | $5,247.00 |
| Ivo Labar | 75.50 | 375.00 | $28,312.50 |
| Holly Hogan | .40 | 235.00 | $94.00 |
| Garfield Pallister (Paralegal) | 1.90 | 130.00 | $247.00 |
| Sarah Smoot (Paralegal) | 3.90 | 110.00 | $429.00 |

Total Fees:    $34,329.50

– 3 –

C CASE NO. C 08-01777 JSW    DECLARATION OF JAMES WAGSTAFFE IN SUPPORT OF MOTION FOR SANCTIONS AND ATTORNEYS' FEES

9. In connection with preparing this motion for attorney's fees, we have incurred the following time charges: 2 hours x $495 + 5 hours x $375 = $3,615. We anticipate that we will spend 5 hours in reviewing the opposition brief and preparing a reply brief: 1 hour x $495 + 4 hours x $375 = $1,995. We also anticipate the preparation for and attendance at the oral argument would require 3 hours: 2 hours x $495 + 1 hour x $375 = $1,365. Thus, the total amount of $6,975 is being sought for the preparation of this motion and for the oral argument. These charges are quite reasonable under the circumstances.

10. None of the fees claimed here relate to work that was done on items other than the work connected with the anti-SLAPP motion.

11. As noted above, I have worked on numerous fee petitions over the years, including on fee motions under the California anti-SLAPP statute. I have also consulted with other attorneys who were filing fee applications in anti-SLAPP cases and have filed expert declarations in that regard. When one compares the total amount charged on work on this case with awards made in other cases for attorneys' fees, it demonstrates clearly that the fees sought here are reasonable and exceptionally low. The request here is well below amounts awarded for work on the anti-SLAPP motions in the trial courts in other cases, including several affirmed on appeal. For example, in the Lafayette Morehouse, Inc. v. Chronicle Publishing Co., a case decided over ten years ago at substantially lower rates, the court awarded in excess of $100,000.00 as a reasonable attorney fee. And while the Court of Appeal, in its second opinion rendered before the later statutory amendment compelling a broad reading of the anti-SLAPP law, allowed fees on the motion itself, the trial court on remand (Hon. William Cahill) allowed all fees expended on the defense except for a small amount of time spent on a motion to quash for a collateral defendant. Thus, the court awarded fees for client meetings, review of the complaint, discovery analysis and work on the appeal. Similarly, in the Church of Scientology v. Wollersheim case, the court awarded in excess of $90,000.00 in reasonable attorneys' fees over a decade ago. The amount sought here, a fraction of these figures, is both reasonable and reflects the expertise of the attorneys involved.

– 4 –

C CASE NO. C 08-01777 JSW   DECLARATION OF JAMES WAGSTAFFE IN SUPPORT OF MOTION FOR SANCTIONS AND ATTORNEYS' FEES

1   I declare under penalty of perjury under the law of the United States of America that the
2   foregoing is true and correct.
3   Executed in San Francisco, California on August 28, 2008

```
                            _____/s/_____
                            JAMES M. WAGSTAFFE
```